**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**September 12, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

   Plaintiff - Appellee,

v.

CARROLL JAMES FLOWERS,

   Defendant - Appellant.

No. 04-3206

**ORDER**

Filed September 12, 2006

Before **HENRY**, **McKAY**, and **EBEL**, Circuit Judges.

  Appellant's petition for rehearing is granted for the purpose of revising the published opinion filed on March 22, 2006. The revised opinion, filed nunc pro tunc to March 22, 2006, is attached.

        Entered for the Court,
        Elisabeth A. Shumaker, Clerk of Court


        By:
         Deputy Clerk

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 22, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CARROLL JAMES FLOWERS,

Defendant - Appellant.

No. 04-3206

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**(D.C. No. 03-CV-3051-SAC; 00-CR-40024-08-SAC)**

Submitted on the briefs:[*]

Carroll James Flowers, pro se.

Rudy E. Verner and Peter J. Krumholz of Davis Graham & Stubbs LLP, Denver, Colorado, for Defendant-Appellant.

Eric F. Melgren, United States Attorney, and Anthony W. Mattivi, Assistant United States Attorney, District of Kansas, Topeka, Kansas, for Plaintiff-Appellee.

Before **HENRY**, **McKAY**, and **EBEL**, Circuit Judges.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

**McKAY**, Circuit Judge.

Appellant pled guilty to Count I of a multiple-count indictment for conspiracy to manufacture or distribute more than one kilogram of methamphetamine in violation of 21 U.S.C. § 841(a)(1). Prior to Appellant's plea of guilty and in an attempt to raise the statutory minimum applicable to Appellant's eventual sentence, the government filed an information with the district court outlining Appellant's prior felony drug conviction. Pursuant to 21 U.S.C. § 851(a)(1), the government was also required to serve the information on Appellant before the entry of the plea agreement. In an attempt to do so, the government faxed a copy of the information to Appellant's attorney. The district court accepted the guilty plea and set a date for sentencing. Supp. Rec., Vol. III, at 21-22.

At sentencing, based on Appellant's total offense level and criminal history, the sentencing range recommended by the United States Sentencing Guidelines Manual ("Guidelines") was between 210 months and 262 months. *Id.*, Vol. II, at 50. However, based on the prior felony conviction contained in the § 851(a)(1) information, the district court increased the statutory minimum applicable to Appellant to 240 months. Accordingly, the effective sentencing range considered by the district court was between 240 months and 262 months.

2

*Id.*; *see also id.*, Vol. IV, at 3.  The district court sentenced Appellant to 240 months' incarceration followed by a ten-year term of supervised release.

On appeal Appellant argues, *inter alia*, that the district court was without jurisdiction to impose an enhanced sentence under 21 U.S.C. § 851(a)(1) because the government failed to properly serve the § 851(a)(1) information.  Appellant did not object to the district court's reliance on the § 851(a)(1) enhancement during sentencing or directly appeal on that ground.  The matter is now before us on collateral review.

Whether § 851(a)(1) is considered jurisdictional is critical for Appellant. Jurisdictional defects cannot be procedurally defaulted or forfeited during the course of litigation. *See, e.g.*, *United States v. Broce*, 781 F.2d 792, 797 (10th Cir. 1986).  Consequently, if § 851(a)(1) is not labeled jurisdictional, then Appellant may not now advance the argument that he never received the § 851(a)(1) information in a timely fashion.

Section 851(a) provides:

(1) No person who stands convicted of an offense under this part . . . shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

In interpreting whether this statutory provision should be construed as jurisdictional, we are guided by the recent Supreme Court case of *Eberhart v.*

3

*United States*, 126 S. Ct. 403, 546 U.S. ___ (2005) (per curiam), in which the Court distinguished "'between a rule governing subject-matter jurisdiction and an inflexible claim-processing rule.'" *Id*. at 403 (quoting *Kontrick v. Ryan*, 540 U.S. 443, 456 (2004)). In *Eberhart*, which concerns a Defendant convicted of conspiring to distribute cocaine seeking to file an untimely post-trial motion, the Court held that Federal Rule of Criminal Procedure 45(b)'s prohibition on extension of time was not jurisdictional, but nevertheless required the district court to "observe the clear limits of the Rules of Criminal Procedure when they are properly invoked." *Id*. at 406. The Court categorized Rule 45(b) as a claim-processing rule and held that such limits are "forfeitable when they are *not* properly invoked." *Id*.

The Court stated that "[i]t is implausible that the Rules considered in *Kontrick* [holding that defenses made available by the time limitations of Federal Rules of Bankruptcy Procedure may be forfeited] can be nonjurisdictional claim-processing rules, while virtually identical provisions of the Rules of Criminal Procedure can deprive federal courts of subject-matter jurisdiction." *Id*. at 405. Indeed, the Court went as far as to admonish those who referred to claim-processing rules as jurisdictional, when this descriptor should be reserved "only for prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction) falling within a court's adjudicatory authority." *Id*. at 405 (internal quotation omitted).

4

Section 851(a) and its requirements fall neatly within the category of a claim-processing rule. Section 851(a)(1) is the same type of rule as Rule 45(b) discussed in *Eberhart*, where the requirement for timely-filing post-trial motions controls the district court's power to entertain a motion but does not govern the court's underlying authority to hear that type of case—it does not restrict the district court's subject-matter jurisdiction. Section 851(a)(1) directs the district court in imposing a sentence, but it does not limit the district court's subject-matter jurisdiction over sentencing. *See* 18 U.S.C. § 3231 (conferring original subject-matter jurisdiction over "all offenses against the laws of the United States").

We have sometimes confused the term "jurisdictional" and have held in several cases that § 851's requirements were in fact "jurisdictional." In *Eberhart*, the Court acknowledged that the imprecise use of the term, often "'to describe emphatic time prescriptions in rules of court,'" has led courts to improperly use "jurisdictional" to describe rules that do not encompass subject-matter jurisdiction. *Eberhart*, 126 S. Ct. at 406 (quoting *Kontrick*, 540 U.S. at 454). We now expressly overrule our previous decisions that have improperly designated § 851(a)'s requirements as jurisdictional.[1]

---

[1] We have circulated this opinion to the en banc court pursuant to our rules. Each member of the en banc court has concurred with our holding that § 851(a) is not jurisdictional. We therefore overrule the following cases with regard to their

(continued...)

We are not alone in this conclusion. In *Prou v. United States*, the First Circuit explained that "[o]nce subject-matter jurisdiction has properly attached [through 18 U.S.C. § 3231], courts may exceed their authority or otherwise err without loss of jurisdiction. 199 F.3d 37, 45 (1999) (declining to hold that § 851(a)'s requirements go to the district court's subject matter jurisdiction). Likewise, the Seventh Circuit has held that § 851(a) "merely affects the district courts' power to impose penalties [and] has nothing to do with subject-matter jurisdiction . . . ." *United States v. Ceballos*, 302 F.3d 679, 692 (2002); *see also Sapia v. United States*, No. 03-2087, 2005 WL 3540098, at *4 (2d Cir. Dec. 28, 2005) ("We agree with the prevailing view . . . that § 851 is not 'jurisdictional.'"); *United States v. Mooring*, 287 F.3d 725, 727 (8th Cir. 2002) (holding that § 851(a)'s requirements are not jurisdictional). *But see Harris v. United States*, 149 F.3d 1304, 1306 (11th Cir. 1998) (holding that "a district court lacks jurisdiction to enhance a sentence unless the government strictly complies with the procedural requirements of § 851(a)."). Therefore, because we determine that § 851(a)(1) is not jurisdictional, Appellant has forfeited his opportunity to

---

[1](...continued)
treatment of § 851(a) as jurisdictional: *United States v. Ruiz-Castro*, 92 F.3d 1519, 1536 (10th Cir. 1996); *United States v. Wright*, 932 F.2d 868, 882 (10th Cir. 1991); *United States v. Novey*, 922 F.2d 624, 627 (10th Cir. 1991); *United States v. Guerrero*, 89 F. App'x 140, 146 (10th Cir. 2004); *United States v. Bracamonte*, No. 99-2101, 2000 WL 140004, at *1 (10th Cir. Feb. 8, 2000); *United States v. Gonzalez-Lerma*, 71 F.3d 1537, 1540 (10th Cir. 1995); *United States v. Larsen*, Nos. 90-8027, 90-8090, 1991 WL 240140, at *2 (10th Cir. Nov. 12, 1991).

6

raise, at the level of appellate review, the argument that he did not receive his information.

Appellant also argues that his counsel's failure to object at sentencing to the government's service by fax of the § 851(a) enhancement constituted ineffective assistance of counsel. In Appellant's collateral attack, the district court, after conducting a fact-finding hearing, determined that "[t]he uncontroverted facts establish that the government complied with § 851(a) when it served by telefax a copy of the information on defense counsel prior to the defendant's entry of his plea." Memorandum and Order, 19 (D. Kan. June 14, 2004). We disagree with the district court and hold that the government failed to comply with § 851(a)'s service requirements.

Service by fax does not always substitute for traditional means of service. The Federal Rules of Criminal Procedure do not have their own service requirements and instead adopt the service requirements found in the Federal Rules of Civil Procedure. Fed. R. Crim. P. 49(b). The Federal Rules of Civil Procedure allow service by fax only when the party being served by fax has consented to it in writing. Fed. R. Civ. P. 5(b)(2)(D). Nowhere in the record is there any indication that Appellant gave written consent to service by fax. The government admits that it did not strictly comply with the rules governing service by fax and instead urges us to hold that strict compliance with the service requirements is not necessary when the government substantially complies with

7

the service requirements. For support, the government looks to other circuits that have not required absolute compliance with the Federal Rules of Civil Procedure when the government uses § 851. *See United States v. Weaver*, 905 F.2d 1466, 1481 (11th Cir. 1990); *United States v. Brown*, 921 F.2d 1304, 1309 (D.C. Cir. 1990).

We have, however, always required strict compliance with § 851. The language of the statute, though we do not now treat it as jurisdictional, does impose strict requirements on the government before the government can seek an increase in the statutory mandatory maximum or minimum sentence. 21 U.S.C. § 851(a) ("No person . . . shall be sentenced to increased punishment . . . unless . . . ."). That Congress intended § 851 to "provide[] a measure of protection" to defendants from the use of prior convictions to change the statutory sentences for crimes also argues in favor of strictly enforcing § 851 against the government. *See United States v. Novey*, 922 F.2d 624, 628 (10th Cir. 1991). Because the Appellant did not consent in writing to service by fax, the government did not comply with § 851(a).

Appellant's counsel's failure to object to the faulty service does not, however, constitute ineffective assistance of counsel. Appellant points to *United States v. Prou*, 199 F.3d 37 (1st Cir. 1999), to show where failure to raise a § 851(a) objection constituted ineffective assistance of counsel. In *Prou*, the First Circuit held that "[w]here . . . an attorney fails to raise an important, obvious

8

defense without any imaginable strategic or tactical reason for the omission, his performance falls below the standard of proficient representation that the Constitution demands." *Id.* at 48. In *Prou*, the failure to object occurred after a jury trial and conviction and where there was no possible strategic value in not making a § 851(a) objection that would have obviously been sustained. *Id.* In Appellant's case, the alleged failure to object occurred at the change of plea hearing where there was a strategic reason for not objecting. The transcript of the change of plea hearing leaves no doubt that Appellant understood that acknowledging the prior conviction and its effect on his sentencing was part of the plea agreement. In fact the plea agreement seems predicated on the fact that the government would use only one prior conviction instead of two for § 851(a) purposes. Any objection to the service would probably have resulted only in a continuance and proper service. This was not a forfeiture of a "clear winner" objection like in *Prou* but a strategic litigation decision that does not constitute ineffective assistance of counsel.

Finally, Appellant argues that his counsel's performance was deficient because counsel did not file a notice of appeal or object to the inclusion of methamphetamine in the presentence report. As to the lack of appeal, we agree with the district court that "after considering the totality of the circumstances, including what defense counsel knew or should have known, that defense counsel was not deficient in failing to consult with the Appellant about an appeal." Order

9

16.  As to the inclusion of methamphetamine in the presentence report, we agree with the district court that counsel was not "unreasonable" in deciding not to challenge information included in the presentence report.  *Id.* at 20.

We, therefore, **AFFIRM** the judgment of the district court.