**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-4238**

———————

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

   v.

JESSYE WAYNE POWELL,

       Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., Chief District Judge. (3:06-cr-00189-RJC-1)

———————

Submitted:  July 14, 2010        Decided:  July 26, 2010

———————

Before SHEDD and DAVIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Steven T. Meier, MEIER LAW, Charlotte, North Carolina, for Appellant.  Amy E. Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jessye Wayne Powell appeals his 262 month sentence for conspiracy to distribute and possess marijuana, in violation of 21 U.S.C. §§ 841(b)(1)(A), b(1)(D), and 846 (2006), and conspiracy to launder money, in violation of 18 U.S.C. § 1956(h) (2006). Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), contending that there are no meritorious issues on appeal, but arguing that the district court "erred in denying Mr. Powell's motion to strike the Government's information."[1] Powell has filed a pro se supplemental brief, in which he argues that the district court erred in finding that he qualified as a career offender. The Government has declined to file a brief. We affirm.

Powell's counsel contends that the district court erred in denying his motion to strike the Government's 21 U.S.C. § 851 (2006) information at sentencing, on the grounds that the information was no longer effective, as the Government failed to refile the information after the filing of its second superseding indictment. Questions regarding the adequacy of a

---

[1] Counsel also argues that this claim is not encompassed by the waiver of appellate rights contained in Powell's plea agreement. We need not evaluate the scope of Powell's appellate waiver, however, as the Government has declined to argue for its enforcement. See United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

21 U.S.C. § 851 notice are reviewed de novo. United States v. Jackson, 544 F.3d 1176, 1185 (11th Cir. 2008).

Powell's contention is without merit. Every circuit to have addressed this issue in a published decision has held that the government need not refile its § 851 information after the filing of a superseding indictment. See United States v. Dickerson, 514 F.3d 60, 64 n.3 (1st Cir. 2008) (noting that the prosecution need not file a second § 851 information after a superseding indictment); United States v. Cooper, 461 F.3d 850, 853 (7th Cir. 2006) (same); United States v. Kamerud, 326 F.3d 1008, 1014 (8th Cir. 2003) (same); United States v. Wright, 932 F.3d 868, 882 (10th Cir. 1991) (same), overruled on other grounds by United States v. Flowers, 464 F.3d 1127, 1130 (10th Cir. 2006). Accordingly, we reject Powell's contention.

We have reviewed the issues raised in Powell's pro se supplemental brief and found them to be unavailing. Additionally, we have reviewed the entire record in accordance with Anders,[2] and found there are no meritorious issues on appeal. Accordingly, we affirm the judgment of the district

---

[2] Though Powell waived his right to appeal, the Government has not sought enforcement of the waiver. Accordingly, this court may conduct its review pursuant to Anders. United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007) (stating that, if Anders brief is filed in case with appeal waiver, Government's failure to respond "allow[s] this court to perform the required Anders review").

court.  We require that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately addressed in the materials before the court and argument would not aid the decisional process.

AFFIRMED