UNITED STATES of America, Plaintiff–Appellee,

v.

**Raul E. SOTO, Defendant–Appellant.**

No. 99–6494.

United States Court of Appeals, Sixth Circuit.

May 2, 2001.

Before NELSON and BATCHELDER, Circuit Judges; FEIKENS,\* District Judge.

BATCHELDER, Circuit Judge.

Raul Enrique Soto pled guilty to one count of conspiracy, in violation of 21 U.S.C. § 846, to distribute cocaine hydrochloride in violation of 21 U.S.C. § 841(a). He appeals the imposition of a statutory mandatory minimum sentence, claiming that the enhancement of his sentence on account of his prior felony drug conviction was improper because the government failed to comply with the procedural requirements of 21 U.S.C. § 851; that his prior conviction was not a "felony drug offense" for purposes of 21 U.S.C. § 841(b)(1); and that his prior conviction had not become "final" for purposes of 21 U.S.C. § 841(b)(1). Finding no merit to any of Soto's claims, we will affirm the judgment of the district court.

## Statement of Facts

In early 1997 a joint task force of federal, state, and local law enforcement agencies began investigating cocaine trafficking in the Chattanooga area. One target of the investigation, Alex Freeman, used a cocaine supplier based in Los Angeles named Henry Mitchell. When Freeman decided to cooperate with the investigation, he consented to the taping of a three-way conference call between himself, Mitchell, and Soto, who also lived in the Los Angeles area and supplied cocaine to Freeman through Mitchell. During this conversation Soto informed Freeman that he wished to continue supplying him so long as Freeman, who owed both Mitchell and Soto money, repaid his debts and could travel to Texas to pick up the cocaine.

After this conversation Mitchell traveled to Chattanooga to arrange a transaction, and law enforcement officers videotaped his activities and persuaded him to cooperate with the investigation. Mitchell made a recorded telephone call to Soto and informed him that he was in Chattanooga and everything was proceeding as planned. Mitchell returned to California, accompanied by several law enforcement officers, and began negotiating his next purchase from Soto. When negotiations broke down

\* The Honorable John Feikens, United States District Judge for the Eastern District of Michigan, sitting by designation.

because of Mitchell's debt to him, Mitchell repaid Soto, a transaction captured on videotape. Eventually, in February 1999 Mitchell made a controlled purchase of approximately three kilograms of cocaine from Soto. When Soto retrieved the narcotics for delivery to Mitchell, investigators arrested him as he transported the cocaine. Though prior to his arrest Soto had never set foot in Tennessee, his recorded conversations with Mitchell show that he knew he supplied drugs that reached Freeman in Chattanooga.

For sentencing purposes, investigators also developed evidence that during 1998 Soto stored 40 kilograms of cocaine at Mitchell's house in California. Further, agents learned of another 1998 transaction between Mitchell and Soto involving 10 kilograms of cocaine.

### Proceedings in the District Court

After execution of the plea agreement, prosecutors filed a document with the court on July 26, 1999, styled: "Notice of Intent to Use Prior Conviction to Enhance Punishment." This notice identified Soto's prior conviction as "Felony Possession of a Controlled Substance for Sale and Possession of Marijuana for Resale which occurred on or about February 25, 1997, in Santa Ana, California, Orange County Superior Court, Case # 96CF2565." According to the presentence investigation report ("PSR"), this conviction followed Soto's arrest for selling methamphetamine and marijuana to a confidential informant, and Soto served 365 days in jail for this offense and was then placed on probation for three years. Additionally, the notice referenced 21 U.S.C. § 851 as the statutory authority pursuant to which the prosecution sought enhancement of Soto's sentence. On July 27, 1999, the district court arraigned Soto and accepted his guilty plea. At this hearing the district court informed Soto that he faced a statutory mandatory minimum sentence of twenty years imprisonment and ten years of supervised release. After acknowledging the possible sentencing range Soto pleaded guilty, and the court accepted the plea as knowingly and voluntarily made.

Upon receipt of the PSR, Soto filed two objections. First, he asserted that the government had failed to comply with the requirements of 21 U.S.C. § 851 for providing notice of intent to use a prior conviction to enhance a sentence. Second, he maintained that his prior conviction had not become final for purposes of 21 U.S.C. § 841(b)(1) and so could not enhance his sentence. Soto pressed these arguments before the district court at sentencing to no avail. He raised an additional objection during the sentencing hearing–also to no avail–that the prior conviction was not for an offense for which 21 U.S.C. § 841 requires enhancement. With respect to the section 851 argument, the court concluded that, although the parties disagreed about the adequacy of the PSR's description of the offense for which Soto was previously convicted, Soto had received sufficient warning of the government's intent to use his 1997 California conviction to enhance his sentence and adequate opportunity to contest the existence and validity of the conviction. Further, the court ruled that the conviction was a prior felony offense that had become final for purposes of federal law. Because the PSR calculated a guideline sentencing range of 188 to 235 months imprisonment, the court imposed the mandatory minimum sentence allowed by 21 U.S.C. § 841(b)(1), 240 months.

### I. Section 851 Notice

 21 U.S.C. § 846 subjects persons convicted of conspiracies to violate federal drug laws to the same penalties as those prescribed for the offense that

formed the object of the conspiracy. When an individual has a prior drug-related felony conviction, violation of 21 U.S.C. § 841(a)(1), which prohibits distribution or possession of controlled substances, carries an enhanced penalty. 21 U.S.C. § 841(b). Specifically, "[i]f any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years...." *Id.* To avail itself of this enhancement, however, the government must comply with 21 U.S.C. § 851(a), which provides in relevant part:

(1) No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon....

(2) An information may not be filed under this section if the increased punishment which may be imposed is imprisonment for a term in excess of three years unless the person either waived or was afforded prosecution by indictment for the offense for which such increased punishment may be imposed.

These requirements are mandatory, and a district court cannot enhance a defendant's sentence based on a prior felony drug conviction unless the government complies with them. *United States v. King,* 127 F.3d 483, 487 (6th Cir.1997). The sufficiency of an information under section 851 presents a question of law that we review de novo. *United States v. Layne,* 192 F.3d 556, 575 (6th Cir.1999).

█ Section 851 does not specify the particular form that notice of enhancement

must take. *King,* 127 F.3d at 490 (Martin, C.J., dissenting) (quoting *United States v. Belanger,* 970 F.2d 416, 419 (7th Cir. 1992)). Likewise, "the statute is also silent on the specificity with which the government must identify prior convictions." *Layne,* 192 F.3d at 576. We have explained the central purpose of section 851 as fulfilling due process requirements. *King,* 127 F.3d at 488–89. "Therefore, the proper inquiry is whether the government's information provided the defendant reasonable notice of its intent to rely on a particular conviction and a meaningful opportunity to be heard." *Id.* (quotation marks and alterations omitted). We have also emphasized the importance of interpreting the notice requirement of section 851 so as to avoid elevating form over substance. *Layne,* 192 F.3d at 576. *See also United States v. Steen,* 55 F.3d 1022, 1026–27 (5th Cir.1995) ("Practical rather than technical considerations govern resolution of indictment challenges and we will not reverse for minor deficiencies which do not prejudice the accused.").

Although he cites no authority for the proposition, Soto maintains that in order to use his prior conviction to enhance his sentence for the instant offense, section 851(a)(2) requires the government to present the prior conviction to a grand jury and obtain an indictment. However, we have interpreted the additional safeguards of section 851(a)(2) as a requirement that the government prosecute the instant federal offense by indictment, rather than the prior offense, to avail itself of the enhanced mandatory minimum penalty. *United States v. Gaitan–Acevedo,* 148 F.3d 577, 594 (6th Cir.1998).

█ Against this background, Soto's argument that the government has not complied with the mandatory terms of section 851 because it did not charge the enhancement by indictment must fail. As this

court has explained in both *Layne* and *King,* a section 851 information suffices if it provides reasonable notice of and an opportunity to be heard regarding enhancement. *Layne,* 192 F.3d at 576; *King,* 127 F.3d at 488–89. Here, Soto does not dispute that he has had adequate opportunity to challenge the enhancement despite receiving notice of the government's intent to invoke the mandatory minimum penalty of section 841(b)(1) shortly after executing the plea agreement. Sentencing did not occur for another three months, and the district court sought assurances at the sentencing hearing that Soto knew of the enhanced penalty and still desired to plead guilty.

Instead, Soto appears to focus on the adequacy of the notice in that the government did not proceed by indictment or accurately describe his prior conviction. Soto's attack on the adequacy of notice risks elevating form over substance. "That the information was titled 'Notice' instead of 'Information' ... is of no significance since the defendant was aware of the convictions that would be used in connection with an [sic] § 851 sentence enhancement." *United States v. Gonzales,* 79 F.3d 413, 426 (5th Cir.1996) (per curiam). Section 851(a)(2) requires only that the government prosecute by indictment the instant offense, for which it seeks enhancement, not that a grand jury charge a prior felony drug conviction by indictment. Soto's argument that section 851 demands notice in the form of an indictment reads a requirement into the statute that its language does not support[1] and ignores the practical difficulty that until preparation of a PSR the government may not know of a defendant's prior felony drug convictions. As for the accuracy with which the govern-

ment described Soto's prior conviction, the defendant neither asserts that the government relied on some prior conviction other than the one listed in the PSR nor contests the existence of the prior conviction on which the government relied to enhance his penalty. Accordingly, to the extent Soto takes issue with the government's description of his prior conviction, his challenge goes not to notice under section 851, but to whether his prior conviction constitutes a prior felony drug conviction for purposes of section 841(b)(1), the question to which we next turn.

## II. "Felony Drug Offenses" Under 21 U.S.C. § 841(b)(1)

■ In addition to the notice requirements of section 851, availability of the mandatory minimum sentence of 21 U.S.C. § 841(b)(1) depends on a defendant's "prior conviction for a felony drug offense [that] has become final[.]" Soto contends that his prior conviction does not constitute a "felony drug offense" for purposes of section 841. Title 21 defines "felony drug offense" as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, or depressant or stimulant substances." 21 U.S.C. § 802(44).

Soto's 1997 California conviction satisfies this definition. According to the PSR, whose factual findings the district court adopted and whose accuracy Soto affirmed at his sentencing hearing, Soto was convicted on two counts of "Sale of Controlled Substance" resulting from sales of methamphetamine and marijuana to a confidential informant. This activity falls squarely within the definition of "felony drug of-

---

1. Indeed, because section 851(a)(2) precludes filing an information unless prosecution proceeds by indictment or indictment was waived, the statutory language contemplates an information rather than indictment as the procedural vehicle for providing notice.

fense" in section 802(44), and Soto does not contest that this conviction carried a possible punishment of more than one year in prison under California law.

Rather, Soto relies on *United States v. Casarez–Bravo*, 181 F.3d 1074 (9th Cir. 1999), to argue that his conviction does not constitute a "felony drug offense." There, the Ninth Circuit determined that the California statute that formed the basis for Soto's prior conviction will not support sentencing a defendant under the career offender provision of the sentencing guidelines, U.S.S.G. § 4B1.1, using the categorical approach of *Taylor v. United States*, 495 U.S. 575, 588–89, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), because the state law punishes a broader range of conduct than the career offender guideline. *Id.* at 1077–78. Not only does *Casarez–Bravo* interpret a statutory definition not at issue in this case, this court does not employ a categorical approach to determining whether a prior conviction constitutes a "felony drug offense" for purposes of section 841(b)(1). Even if we did, section 802(44) defines "felony drug offense" broadly to encompass any offense that "prohibits or restricts conduct relating to narcotic drugs[.]" This breadth contrasts with the language of the career offender guideline, which limits its application to certain specifically identified acts, such as manufacture, import, export, or distribution of narcotics. U.S.S.G. § 4B1.2. Accordingly, although in the Ninth Circuit's view the career offender guideline does not reach a prior conviction under the California statute pursuant to which Soto was previously convicted because "a defendant could be convicted under [the California law] without committing one of the qualifying controlled substance offenses delineated in § 4B1.1," *Casarez–Bravo*, 181 F.3d at 1078, this analysis does not apply to the broader statutory language of section 802(44). Therefore, *Casarez–Bravo* offers

no support for Soto's argument that his prior conviction does not constitute a prior felony conviction for purposes of section 841(b)(1).

### III. Finality of Prior Convictions for Purposes of 21 U.S.C. § 841(b)(1)

 Section 841(b)(1)'s mandatory minimum sentence applies only when a defendant's prior felony drug offense "has become final." This phrase's meaning presents a question of federal, rather than state, law. *United States v. Walker*, 160 F.3d 1078, 1093 (6th Cir.1998). Although the statute does not define the term "final," this court has held that "a prior conviction is 'final' within the meaning of section 841(b) when the time for taking a direct appeal from the judgment of conviction has expired." *Id.*

 Soto contends that his prior conviction was not final within the meaning of section 841(b)(1) because "it is a mailer [sic] of ancient and well settled principles that a grant of probation in California is not a 'final judgment.'" Although this proposition remarkably finds support in the California courts, *e.g.*, *People v. D'Elia*, 73 Cal.App.2d 764, 167 P.2d 253, 254 (1946) ("An order granting probation is not a judgment."), we need not plumb the mysterious vagaries of California law to determine the finality of Soto's prior state court conviction because federal law assigns finality to any prior conviction when the time for taking an appeal from that conviction has expired. *Walker*, 160 F.3d at 1093. Whatever else California law might say about the effect of probation on the finality of a judgment, one thing is certain: a "probation order is considered to be a final judgment only for the limited purpose of taking an appeal therefrom." *People v. Howard*, 16 Cal.4th 1081, 68 Cal.Rptr.2d

870, 946 P.2d 828, 832 (1997) (internal quotations and citations omitted). Soto does not maintain that the time for appealing his California conviction had not expired prior to his participation in the conspiracy giving rise to his present conviction under federal law. Therefore, Soto's prior state court conviction "has become final" within the meaning of section 841(b)(1).

### Conclusion

For the foregoing reasons, we conclude that Soto's prior conviction had "become final" and constitutes a "prior felony drug conviction" within the meaning of section 841(b)(1). We also think that the government complied with the notice requirements of section 851. Therefore, we affirm the sentence imposed by the district court.