*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 07a0311p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 06-3359

CHRISTOPHER P. PRITCHETT, also known as Wallace Jenkins,

*Defendant-Appellant.*

---

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 05-00490—Patricia A. Gaughan, District Judge.

Argued: March 16, 2007

Decided and Filed: August 13, 2007

Before: COOK and McKEAGUE, Circuit Judges; EDGAR, District Judge.[*]

---

## COUNSEL

**ARGUED:** Amy B. Cleary, FEDERAL PUBLIC DEFENDER'S OFFICE, Cleveland, Ohio, for Appellant. Gary D. Arbeznik, ASSISTANT UNITED STATES ATTORNEY, Cleveland, Ohio, for Appellee. **ON BRIEF:** Amy B. Cleary, Debra M. Hughes, FEDERAL PUBLIC DEFENDER'S OFFICE, Cleveland, Ohio, for Appellant. Marilyn A. Cramer, ASSISTANT UNITED STATES ATTORNEY, Cleveland, Ohio, for Appellee.

McKEAGUE, J., delivered the opinion of the court, in which EDGAR, D. J., joined. COOK, J. (pp. 13-14), delivered a separate dissenting opinion.

---

## OPINION

---

McKEAGUE, Circuit Judge. Appellant Christopher P. Pritchett entered into a written plea agreement with the government, agreeing to plead guilty to possession of cocaine with intent to distribute and to distribution of cocaine, and the government agreed to dismiss a charge of conspiracy to distribute cocaine. The plea hearing began at 9:03 a.m. At 10:33 a.m., after Appellant

---

[*] The Honorable Robert Allan Edgar, Senior United States District Judge for the Eastern District of Tennessee, sitting by designation.

signed the plea agreement and the district court accepted Appellant's guilty plea, the government filed an information pursuant to 21 U.S.C. §§ 841(b)(1)(B) and 851(a), providing notice that if an adjudication of guilt is entered against Appellant, the government would rely on Appellant's previous felony drug conviction in order to invoke section 841's enhanced sentencing provisions. Appellant objected to an enhanced sentence under section 841 because the government failed to file the required information before he entered his guilty plea. The district court held that Appellant had notice that the government would be filing an information and that notice fulfilled the requirements of section 851(a). Appellant filed a timely appeal, claiming that the district court was without jurisdiction to impose the enhanced penalties under section 841. For the reasons stated below, we AFFIRM.

## I. BACKGROUND

On October 5, 2005, Appellant was named in a twelve-count indictment that charged him in Counts 1, 6, 7, 8, 9, and 12. Count 1 charged him with conspiracy to possess and to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). Counts 6, 7, 8, and 9 charged him with distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). Count 12 charged him with possessing with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B).

In a plea agreement with the United States Attorney's Office, Appellant agreed to plead guilty to Counts 6, 7, 8, 9, and 12, and the government agreed to dismiss Count 1. The plea agreement included language that Appellant "admits, acknowledges or does not dispute" that on November 1, 2001, Appellant was convicted of drug trafficking, in violation of Ohio Revised Code § 2925.03, in the Cuyahoga County Court of Common Pleas. The agreement also stated that Appellant

> understands that, because of his prior conviction for a felony drug offense, the mandatory minimum and the maximum possible penalties on each count are as follows . . . A mandatory minimum ten (10) years incarceration, up to a maximum possible term of life imprisonment, followed by at least eight (8) years of supervised release, a $4,000,000.00 fine, and a $100 special assessment.

The plea agreement later provided that

> [Appellant] understands that, pursuant to 21 U.S.C. § 841(b)(1)(B), 21 U.S.C. § 851, and USSG § 5G1.1(c)(2), however, the Court cannot sentence [Appellant] to less than 120 months in prison, followed by at least 8 years of supervised release.
> [] The parties agree not to seek any other [there was an agreement on a three-point reduction under U.S.S.G. § 3E1.1(a)-(b) for Appellant's acceptance of responsibility] enhancements, reductions, victim-related adjustments, upward departures, or downward departures from the stipulated offense level total.

Appellant's change of plea proceeding began at 9:03 a.m. on December 8, 2005, and he entered a plea of guilty to Counts 6, 7, 8, 9, and 12. At the hearing, Appellant admitted, inter alia, (1) that he read and signed the plea agreement; (2) that he had gone over it in great detail with his attorney; (3) that there was nothing in the agreement that he did not understand; (4) that he understood that the statutory penalty for each of the counts to which he was pleading guilty was a mandatory minimum of ten years in prison followed by at least eight years of supervised release, a $4 million fine, and a $100 special assessment; (5) that again he understood that he could not be sentenced to less than 120 months in prison followed by at least eight years of supervised release; and (6) that his plea was voluntarily made and of his own free will.

The government filed a sentencing enhancement information at 10:33 a.m., which gave notice that if Appellant entered a plea of guilty on any count, the United States would rely on Appellant's previous felony drug conviction in order to invoke the enhanced sentencing provisions of 21 U.S.C. § 841(b)(1)(B). Because of this prior felony drug offense, the penalty enhancement provisions of section 841(b)(1)(B) required a mandatory minimum sentence of ten years imprisonment to a maximum of life imprisonment, to be followed by eight years of supervised release. The government's information indicated that a request for a sentence under 120 months would breach the plea agreement and that the government would then be free to recommend a life sentence for Appellant.

The United States Probation Office prepared a Presentence Investigation Report ("PSR") on January 18, 2006.[1] The PSR stated that based on a Total Offense Level of 27 and Criminal History Category IV, the Guideline range of imprisonment was 100-25 months. The PSR also stated that the minimum term of imprisonment per count is 5 years and the maximum term is 40 years. However, it stated that if the section 851 enhancement is found to be valid, the statutory sentence is 10 years to life, and the Guideline range is raised to 120-25 months.

The PSR was revised on February 2, 2006, taking into account Appellant's January 30, 2006 objection to the section 851 enhancement. On February 17, 2006, Appellant filed a Sentencing Memorandum, arguing that because the enhancement information was not filed in accordance with section 851(a), the district court would not have jurisdiction to impose an enhanced sentence at the sentencing hearing.

Appellant's sentencing hearing was held on February 27, 2006, in the United States District Court for the Northern District of Ohio. At the hearing, the district judge stated the following

> The Court finds that [Appellant] did, in fact, have notice, had notice that the 851 information would be filed by the Government. The Court finds that that notice is adequate. So even though technically, the information was filed on the same day, but shortly after the plea of guilty was entered, the information is not null and void. Therefore, in accordance with that information, and more importantly, in accordance with the plea agreement, the Court does, in fact, find that the minimum term of imprisonment is 120 months.

The district judge later reiterated this point, stating that "I indicated that I have reviewed the plea agreement, and the Court finds that that was adequate notice." Finally, the district judge noted that

> Well, I will state before I pronounce [the] sentence that the issue that was raised in [Appellant's] Sentencing Memorandum is not a jurisdictional one, and there is ample case law indicating that the Court must go beyond specific for[m] and determine if there was sufficient notice. So, sir, that is why the Court feels compelled to determine that you did in fact have notice of the 851 information.

Accordingly, the district court found that the minimum term of imprisonment was 120 months. The government asked the court to impose a sentence in the range of 120-25 months, with eight years of supervised release. The court sentenced Appellant to a term of 120 months imprisonment on each count, to be served concurrently, a $500 special assessment, and, upon Appellant's release from prison, an eight-year term of supervised release. Appellant objected to the district court's imposition of enhanced penalties and filed a timely appeal of the sentence.

---

[1] The Probation Office used the 2005 edition of the Sentencing Guidelines.

On appeal, Appellant claims that the district court was without jurisdiction to impose the enhanced penalties under 21 U.S.C. § 841(b)(1)(B) due to its "fail[ure] to comply with the mandates of 21 U.S.C. § 851." Appellant's Br. 12. Accordingly, he asks this court to remand for resentencing, with instructions that the district court sentence him without the enhanced penalties of section 841(b)(1)(B).

## II. ANALYSIS

### A. Standard of review

Whether the requirements of 21 U.S.C. § 851(a) are jurisdictional is a question of law. Accordingly, it is a question subject to de novo review by this Court. *Cutter v. Wilkinson*, 423 F.3d 579, 583 (6th Cir. 2005). Similarly, this Court has held that the sufficiency of the government's filing of an information pursuant to section 851(a) is a question of law that this Court reviews de novo. *United States v. King*, 127 F.3d 483, 487 (6th Cir. 1997).

A defendant convicted of a violation of 21 U.S.C. § 841(a)(1), which makes it unlawful for any person knowingly or intentionally to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance, is subject to a sentence enhancement due to prior drug-related convictions. *See* 21 U.S.C. § 841(a)(1),(b); *United States v. Layne*, 192 F.3d 556, 575 (6th Cir. 1999). Indeed, the portion of subsection (b) of section 841 applicable to the instant case provides that

> any person who violates subsection (a) of this section shall be sentenced as follows . . . such person shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years . . . . If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment [].

21 U.S.C. § 841(b)(1)(B). However, in order to avail itself of these enhanced penalties, the government must file an information with the court and serve the defendant, stating in writing the previous convictions on which it intends to rely, and it must do so before trial or before a guilty plea is entered:

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

21 U.S.C. § 851(a)(1); *see Layne*, 192 F.3d at 575.

### B. Whether the § 851(a) requirements are jurisdictional

#### 1.

Appellant claims that because the government failed to comply with the requirements of section 851(a), the district court lacked jurisdiction to impose the enhanced penalties of section 841(b)(1)(B), and therefore that the statutory sentencing range should have been a term of imprisonment of 5 to 40 years with a supervised release term of at least 4 years, rather than the enhanced range of 120 months to life imprisonment with a supervised release term of at least 8 years. Appellant relies on this Circuit's statement in *United States v. Hill* that "[s]ection 851(a)(1) imposes a jurisdictional requirement granting the district court jurisdiction to enhance a defendant's

sentence only when the United States attorney files an information with the court, stating in writing the previous convictions to be relied on." 142 F.3d 305, 312 (6th Cir. 1998). Appellant also relies heavily on a case from the Eleventh Circuit holding that "a district court lacks jurisdiction to enhance a sentence unless the government strictly complies with the procedural requirements of § 851(a)." *Harris v. United States*, 149 F.3d 1304, 1306 (11th Cir. 1998). Under this precedent, Appellant argues that it "is simply of no consequence that [he] may have had notice that the government had both the intent and the discretion to request enhanced statutory penalties prior to [his] entry of a guilty plea."

The government argues in response that Appellant not only was afforded written notice of the government's intention to seek enhanced penalties via the plea agreement, but he also was apprised of that intention during the plea hearing. Further, Appellant declined his opportunity to contest the prior conviction, and he actually agreed to the applicability of the enhanced penalties orally at the plea hearing and in writing in the plea agreement. Finally, the government contends that Appellant's argument is moot because the 120 month sentence imposed by the district court was within both the statutory penalty of 5 to 40 years as well as the applicable Guideline range of 100 to 125 months.[2]

**2.**

An almost-unanimous majority of circuits that have addressed the issue have held that the section 851(a) requirements are not jurisdictional. Indeed, only one circuit has held to the contrary. This Circuit, however, has not established binding precedent that addresses the question. In *Hill*, this Court stated that "[s]ection 851(a) imposes a jurisdictional requirement granting the district court jurisdiction to enhance a defendant's sentence only when the United States attorney files an information with the court, stating in writing the previous convictions to be relied on." 142 F.3d at 312. However, that statement is dicta because in *Hill* the government had filed an information pursuant to section 851(a), *id.* at 308, and the question presented was whether the sentence imposed was proper in light of the government's failure to comply with section 851(b), *see id.* at 312-13. Even if the language in *Hill* were not dicta, the Supreme Court has cautioned against giving precedential value to courts' statements of whether a requirement is jurisdictional when those statements are unsupported by any analysis, as was the case with the above statement in *Hill*. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 91 (1998) ("[D]rive-by jurisdictional rulings . . . have no precedential effect.").

In two recent cases, the Supreme Court clarified the difference between jurisdictional rules and "inflexible claim-processing rule[s]." *Eberhart v. United States*, 546 U.S. 12, 126 S. Ct. 403, 403 (2005) (quoting *Kontrick v. Ryan*, 540 U.S. 443, 456 (2004)). The *Kontrick* Court remarked that it and other courts "have been less than meticulous" in that "they have more than occasionally used the term 'jurisdictional' to describe emphatic time prescriptions in rules of court." *Kontrick*, 540 U.S. at 454. The *Kontrick* Court further stated that "[c]larity would be facilitated if courts and litigants used the label 'jurisdictional' not for claim-processing rules, but *only for prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction) falling within a court's adjudicatory authority*." *Id.* at 455 (emphasis added). In contrast, the Court held that the claim-processing rules at issue in *Kontrick* were those "that do not delineate what cases [] courts are competent to adjudicate." *Id.* at 454.

---

[2] At the outset, it should be noted that the government's mootness argument is meritless. Indeed, it is clear from the sentencing transcript that the district court judge believed that the minimum term of imprisonment was 120 months. Accordingly, to the extent that she imposed a sentence of 120 months, she might have sentenced Appellant to fewer than 120 months if she had felt that she were free to do so. *See United States v. Hamm*, 400 F.3d 336, 340 (6th Cir. 2005).

In *Kontrick*, the rule at issue was Federal Rule of Bankruptcy Procedure 4004(a), which provides that in Chapter 7 proceedings, a creditor has a certain period of time, after the first date set for the meeting of creditors, to file a complaint objecting to the debtor's discharge, and under certain circumstances, that period may be extended if a motion is filed before that time has expired. 540 U.S. at 446. Under the facts of the case, a creditor objected to the debtor's discharge, although the objection was not timely. *Id.* The debtor, however, did not promptly move to dismiss the creditor's objection as impermissibly late; rather, the debtor did so only after the bankruptcy court decided on the merits that the discharge should be refused. *Id.*

The Court held that the rule at issue was not jurisdictional. *Kontrick*, 540 U.S. at 447. It reasoned that only Congress may determine a lower federal court's subject matter jurisdiction, and it did so with respect to bankruptcy courts in Title 28. *Id.* at 452-53 (citing 28 U.S.C. § 157(b)(1) and (b)(2)(I)-(J)). The Court emphasized that the provision conferring jurisdiction over objections to discharge contains no timeliness condition; rather, it instructs only that objections are core proceedings within the bankruptcy courts' jurisdiction. *Kontrick*, 540 U.S. at 453 (citing 28 U.S.C. § 157(b)(2)(J)). It further noted that the time constraints applicable to objections to discharge are part of the Bankruptcy Rules, and Bankruptcy Rule 9030 states that those rules "shall not be construed to extend or limit the jurisdiction of the courts." *Kontrick*, 540 U.S. at 453 (quoting Fed. R. Bankr. P. 9030). Accordingly, the Court held that the deadline prescribed in Rule 4004 was a "claim-processing rule[] that do[es] not delineate what cases bankruptcy courts are competent to adjudicate." *Kontrick*, 540 U.S. at 454.

In *Eberhart*, the Court considered whether a federal rule of criminal procedure is jurisdictional. 126 S. Ct. at 403. The rule at issue permits a federal district court to vacate any judgment and to grant a new trial if the interest of justice requires, but a motion for a new trial based on any reason other than newly discovered evidence must be filed within seven days after the verdict or finding of guilty, or within such further time as the court sets during the seven day period. *Id.* (quoting Fed. R. Crim. P. 33(b)(2)). The *Eberhart* Court analogized that rule to the bankruptcy rule at issue in *Kontrick*, and held that "[i]t is implausible that the Rules considered in *Kontrick* can be nonjurisdictional claim-processing rules, while virtually identical provisions of the Rules of Criminal Procedure can deprive federal courts of subject-matter jurisdiction," and it accordingly held that the rule must also be nonjurisdictional. *Eberhart*, 126 S. Ct. at 405, 407.

These Supreme Court cases either ratify or provide the foundation for several cases from our sister circuits that have held that the requirements of section 851(a) are nonjurisdictional. The most recent case to address the issue is *United States v. Flowers*, 464 F.3d 1127 (10th Cir. 2006). In *Flowers*, the government filed a section 851(a) information with the district court prior to the defendant's guilty plea and faxed a copy to the defendant's attorney. *Id.* at 1128. The defendant argued that the district court lacked jurisdiction to impose an enhanced sentence because the government failed to serve the information properly. *Id.* at 1129.

The *Flowers* Court discussed *Eberhart* and *Kontrick*, and it concluded that "[s]ection 851(a) and its requirements fall neatly within the category of a claim-processing rule," holding that "[w]e now expressly overrule our previous decisions that have improperly designated § 851(a)'s requirements as jurisdictional." *Flowers*, 464 F.3d at 1129-30. The court reasoned that just as the rule at issue in *Eberhart* concerns the time in which post-trial motions must be filed, and hence controls the power of the district court to entertain a motion "but does not govern the court's underlying authority to hear that type of case-it does not restrict the district court's subject-matter jurisdiction," so too section 851(a)(1) "directs the district court in imposing a sentence, but it does not limit the district court's subject-matter jurisdiction over sentencing." *Id.* at 1130 (citing 18 U.S.C. § 3231, which confers original subject matter jurisdiction over all offenses against the laws of the United States).

A case decided by the First Circuit prior to *Eberhart* and *Kontrick* provides the most thorough treatment of the issue and is therefore the case on which several later cases rely in support of the proposition that the section 851(a) requirements are not jurisdictional. *Prou v. United States*, 199 F.3d 37 (1st Cir. 1999). In *Prou*, a jury was empaneled on June 22, 1995, and was sworn in on August 21 of that year. *Id.* at 41. However, the government filed the section 851(a) information on July 11. *Id.* Accordingly, after the defendant unsuccessfully pursued a direct appeal, he filed a pro se motion pursuant to 28 U.S.C. § 2255, in part claiming ineffective assistance of counsel due to his attorneys' failure to object to the untimely filing of the information by the government. *Id.* The First Circuit granted a certificate of appealability on the question of whether the district court was without jurisdiction to impose an enhanced sentence when the information was filed after the jury was empaneled. *Id.* at 42.

The *Prou* Court began its analysis by noting that the language of section 851(a) "leave[s] no doubt" that its requirements "are to be strictly enforced." 199 F.3d at 44. However, the court recognized that "[e]nforcement has been strict, but not rigid," and that "courts occasionally have excused untimely filings as long as the defendant has been made aware before trial or entry of a guilty plea of both the government's intent to seek an enhancement and the particular prior conviction(s) upon which the government aspires to rely." *Id.* at 44 n.3 (citations omitted).

In holding that the section 851(a) requirements are nonjurisdictional, the court reasoned that whether or not the prosecution files a timely information pursuant to section 851(a), 18 U.S.C. § 3231 plainly vests in federal district courts subject matter jurisdiction over "all offenses against the laws of the United States." *Prou*, 199 F.3d at 45. That jurisdiction necessarily includes the imposition of criminal penalties. *Id.* Furthermore, once subject matter jurisdiction has attached, "courts may exceed their authority or otherwise err without loss of jurisdiction." *Id.* (quoting *United States v. Wey*, 895 F.2d 429, 431 (7th Cir. 1990) for the proposition that "[c]ourts may err, even offend the Constitution, without losing subject-matter jurisdiction," and citing *Blackledge v. Perry*, 417 U.S. 21, 30 (1974) for the proposition that only claims that go to the very power of the State to bring the defendant into court to answer the charge brought against him implicate subject matter jurisdiction).

Accordingly, the *Prou* Court concluded, "the only question that legitimately arises from the prosecution's late filing of a section 851(a)(1) information concerns the court's authority to impose an enhanced sentence," and "[t]his is simply not a question of subject-matter jurisdiction." 199 F.3d at 45. The court summarized with the following:

> [W]e hold that noncompliance with the procedural regime established by section 851(a)(1) deprives the sentencing court of authority to impose an enhanced sentence-no more and no less. Here, then, the lower court was empowered to render a binding judgment concerning a federal crime, and the fact that the judgment actually entered embodied a sentence that surpassed the level authorized by Congress did not divest the court of jurisdiction over the subject matter.

*Id.* at 46.

The Seventh Circuit employed similar reasoning in holding that the section 851(a) requirements are not jurisdictional. *United States v. Ceballos*, 302 F.3d 679 (7th Cir. 2002). In *Ceballos*, the government filed a section 851(a) information three days before trial, on June 11. *Id.* at 690. At a June 12 pre-trial conference, the government informed the defendant's counsel that it had filed the information and had mailed a copy to his counsel. *Id.* The defendant's counsel did not receive the information until June 16, two days after the trial began. *Id.* As a result, the defendant claimed that the district court lacked jurisdiction to impose an enhanced sentence due to what the defendant argued was the government's failure to satisfy the section 851(a) requirements. *Id.* After

noting that some circuits, including it, had characterized section 851(a)'s requirements as "jurisdictional" and that "all of the courts that have offered analysis on the issue have held that § 851(a)'s notice requirements are not jurisdictional," the Seventh Circuit stated that it was appropriate to reexamine its position that section 851(a) imposes a jurisdictional requirement. *Id.* at 690-91.

The Seventh Circuit's reasoning paralleled that of *Prou*. The court stated that the district court "clearly" had subject matter jurisdiction over the prosecution pursuant to 18 U.S.C. § 3231. *Ceballos*, 302 F.3d at 691 (citing *Prou*, 199 F.3d at 45). It then reiterated *Prou*'s point that once subject matter jurisdiction attached, courts may exceed their authority without losing jurisdiction. *Ceballos*, 302 F.3d at 691. It therefore held that even if the government failed to satisfy the requirements of section 851(a) and thus the district court erred in imposing the enhanced sentence, such error could not affect the district court's subject matter jurisdiction vested in it by 18 U.S.C. § 3231. *Id.* Accordingly, the court concluded that "[s]ection 851(a) affects the length of sentences and . . . merely affects district courts' power to impose penalties after substantive violations have occurred. Therefore, § 851(a) has nothing to do with subject-matter jurisdiction, as the Supreme Court has defined that term []. " *Id.* at 692.

Cases from the Eighth Circuit, *United States v. Mooring*, 287 F.3d 725, 726-28 (8th Cir. 2002), and the Second Circuit, *Sapia v. United States*, 433 F.3d 212, 216-17 (2d Cir. 2005), have also held that the section 851(a) requirements are not jurisdictional, largely employing the reasoning set forth in *Prou* and *Ceballos*. Similarly, the Fifth Circuit stated in dicta that "we agree that whether or not the government files a timely information under § 851, the district court had subject matter jursidiction over [the defendant's] case under 18 U.S.C. § 3231." *United States v. Dodson*, 288 F.3d 153, 159-60 (5th Cir. 2002) (noting also that "[a]lthough certain cases in this circuit and others have referred to the requirement in § 851 as 'jurisdictional,' we read those cases as referring not to subject matter jurisdiction but rather to the district court's authority to impose a specific sentence. . . . A court with proper subject matter jurisdiction can exceed its authority or commit other error without loss of jurisdiction").

The only circuit holding that the section 851(a)(1) requirements are jurisdictional is the Eleventh. *Harris*, 149 F.3d at 1306. The *Harris* Court reasoned that enhanced sentences are special remedies prescribed by Congress, and because prosecutorial discretion is vested in the executive branch of the government, district courts "ha[ve] no authority to exercise it or pretermit it." *Id.* That is, "Unless and until prosecutorial discretion is invoked and the government files and serves an information as required by Sec. 851, the district court has no power to act with respect to an enhanced sentence; it can no more enhance the sentence than it could impose imprisonment under a statute that only prescribes a fine." *Id.* Accordingly, the Eleventh Circuit concluded that Congress "could not have more clearly evinced its purpose" in providing for enhanced sentences pursuant to section 851 only when the government seeks such enhancement by filing an information before trial or plea. *Id.* at 1307.

### 3.

This Circuit now joins the majority of its sister circuits in holding that the section 851(a) requirements are not jurisdictional. First, the post-*Eberhart* and *Kontrick* case from the Tenth Circuit addressing this question demonstrates a proper application of those recent Supreme Court cases. Indeed, in *Kontrick*, the Court emphasized that the label "jurisdictional" should be reserved "only for prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction) falling within a court's adjudicatory authority." 540 U.S. at 455. As analogized by the court in *Flowers*, just as the rule at issue in *Eberhart* concerns the time in which post-trial motions must be filed, and hence controls the power of the district court to entertain a motion "but does not govern the court's underlying authority to hear that type of case-it does not

restrict the district court's subject-matter jurisdiction," section 851(a)(1) also "directs the district court in imposing a sentence, but it does not limit the district court's subject-matter jurisdiction over sentencing." *Flowers*, 464 F.3d at 1130.

Second, even the pre-*Eberhart* and *Kontrick* cases holding that the section 851(a) requirements are nonjurisdictional utilize reasoning that is consistent with those later Supreme Court cases. The reasoning in *Prou* essentially is that (1) 18 U.S.C. § 3231 plainly vests in federal district courts subject matter jurisdiction over all offenses against the laws of the United States; (2) that jurisdiction necessarily includes the imposition of criminal penalties; and (3) once subject matter jurisdiction has attached, a court may exceed its authority or otherwise err without loss of jurisdiction. *Prou*, 199 F.3d at 45. As set forth above, this reasoning is supported by statute and Supreme Court precedent, and it is entirely consistent with labeling the section 851(a) requirements as claim-processing rules, which the *Kontrick* Court stated are those "that do not delineate what cases [] courts are competent to adjudicate." 540 U.S. at 454.

Third, there are several reasons why the Eleventh Circuit decision in *Harris* should not be followed. It stands alone as the sole circuit holding that the section 851(a) requirements are jurisdictional. Furthermore, as explained in *Flowers*, its holding is undermined by the recent Supreme Court cases of *Eberhart* and *Kontrick*. Additionally, although *Harris* states that four other circuits-the First in *United States v. Romero-Carrion*, 54 F.3d 15, 17-18 (1st Cir. 1995); Sixth in *Hill*, 142 F.3d at 305; Seventh in *United States v. Belanger*, 970 F.2d 416, 418 (7th Cir. 1992); and Tenth in *United States v. Wright*, 932 F.2d 868, 882 (10th Cir. 1991)-"have likewise found that § 851(a) imposes a jurisdictional requirement," 149 F.3d at 1307 n.4, that contention has been eroded over the years. Indeed, the First in *Prou*, Seventh in *Ceballos*, and Tenth in *Flowers* have all ruled to the contrary since *Harris* was decided in 1998; and the Seventh Circuit in *Ceballos*, 302 F.3d at 692, and Tenth Circuit in *Flowers*, 464 F.3d at 1130, stated that they were expressly overruling their prior decisions on which *Harris* relied. Moreover, this Circuit's statement in *Hill* that section 851(a) imposes a jurisdictional requirement, 142 F.3d at 312, is dicta. Finally, this Circuit's statement in *Hill* and the First Circuit's in *Romero-Carrion* were made without analysis, and the Supreme Court has cautioned that "drive-by jurisdictional rulings . . . have no precedential effect." *Citizens for a Better Env't*, 523 U.S. at 91.

Fourth, holding that the section 851(a) requirements are nonjurisdictional is consistent with existing Sixth Circuit precedent. Indeed, this Circuit has held that the requirements delineated in section 851(a)(1) are mandatory and that a district court cannot enhance a defendant's sentence based on a prior conviction unless the government satisfies them. *King*, 127 F.3d at 487. This proposition is consistent with the holding of other circuits that noncompliance with the procedures of section 851(a) deprives the sentencing court of authority to impose an enhanced sentence, but does not divest the court of subject matter jurisdiction. Accordingly, this Circuit now joins the majority of its sister circuits in so holding.

## C. Whether the government complied with § 851(a)

We next address whether the government has complied with section 851(a). We hold that it has. Although noncompliance does not divest the district court of subject matter jurisdiction, it still could deprive the court of authority to impose an enhanced sentence under the majority rule that we adopt today. The question is at least implicit in Appellant's brief. Although his main argument is that the district court was "without jurisdiction" to impose enhanced penalties, he supports that contention by arguing that "the government failed to comply with the mandates of 21 U.S.C. § 851." He largely relies on the Eleventh Circuit's decision in *Harris*, in which that court held that even if a defendant receives actual notice that the government intends to file an information to enhance his sentence, the government has not complied with section 851 until it files an information. 149 F.3d at 1307.

This Court has held that the requirements delineated in section 851(a)(1) are mandatory and that a district court cannot enhance a defendant's sentence based on a prior conviction unless the government satisfies them. *King*, 127 F.3d at 487. However, it is also well-settled precedent in this Circuit and its sister circuits that section 851 "was designed to satisfy the requirements of due process and provide the defendant with reasonable notice and an opportunity to be heard regarding the possibility of an enhanced sentence for recidivism." *Id.* at 489 (internal quotation omitted); *see Layne*, 192 F.3d at 576; *United States v. Jackson*, 121 F.3d 316, 319 (7th Cir. 1997) ("21 U.S.C. § 851 was enacted . . . to insure that defendants are given reasonable notice and an opportunity to be heard, which includes the opportunity to contest the evidence or challenge a prior conviction if the defendant might be subject to a greater sentence than would otherwise be imposed."); *United States v. Grooms*, 194 F. App'x 355, 365 (6th Cir. 2006); *United States v. Soto*, 8 F. App'x 535, 539 (6th Cir. 2001) (referring to the fulfillment of due process requirements as "the central purpose" of section 851). Consequently, this Court has repeatedly emphasized "the importance of interpreting § 851's notice requirements so as to avoid elevating form over substance." *Layne*, 192 F.3d at 576 (quoting *King*, 127 F.3d at 489); *see Grooms*, 194 F. App'x at 365.

This precedent compels the result that the government satisfied the section 851(a) requirements and hence that the district court did not err. Appellant clearly had "reasonable notice and an opportunity to be heard regarding the possibility of an enhanced sentence for recidivism." Indeed, as cited thoroughly above, several paragraphs of the plea agreement expressly provided written notice to Appellant that he was subject to the enhancements. Additionally, the plea hearing certainly provided Appellant an opportunity to be heard, as there he admitted, on the record and under oath, inter alia, (1) that he read and signed the plea agreement; (2) that he had gone over it in great detail with his attorney; (3) that there was nothing in the agreement that he did not understand; (4) that he understood that the statutory penalty for each of the counts to which he was pleading guilty was a mandatory minimum of ten years in prison followed by at least eight years of supervised release, a $4 million fine, and a $100 special assessment; (5) that again he understood that he could not be sentenced to less than 120 months in prison followed by at least eight years of supervised release; and (6) that his plea was voluntarily made and of his own free will. Even Appellant does not dispute that he had notice that the government intended to file an information for purposes of sentence enhancement and that he had an opportunity to challenge the validity of his prior convictions. Accordingly, to accept Appellant's argument here would "elevat[e] form over substance," which this Court has consistently emphasized the importance of avoiding. *Layne*, 192 F.3d at 576; *King*, 127 F.3d at 489; *Grooms*, 194 F. App'x at 365.

Our conclusion today finds support in our cases and in the cases of our sister circuits. Indeed, "courts occasionally have excused untimely filings [under § 851(a)] as long as the defendant has been made aware before the trial or entry of a guilty plea of both the government's intent to seek an enhancement and the particular prior conviction(s) upon which the government aspires to rely," *Prou*, 199 F.3d at 44 n.3, a recognition that explicitly undermines the dissent's conclusion today. For example, in *United States v. Butler*, 137 F. App'x 813, 815 (6th Cir. 2005), the government filed "in open court" a revised information during a pre-trial conference held on September 13, 2002, stating that the information "basically just conforms to the superceding indictment that was recently returned." The information was served on the defendant's attorney on September 13, but it was not entered on the court's docket until September 18, and the trial began on September 17. *Id.* This Court nevertheless held that the government complied with section 851. *Id.* In so holding, the analysis solely relied on the fact that "both the transcript of the pre-trial conference and the certificate of service on the § 851 information indicate that *notice was actually served on Butler's counsel* on September 13, 2002"; therefore, "that the information was not entered on the court's docket until September 18 is immaterial." *Id.* at 816 (emphasis added). Similarly, in the instant case, the facts clearly indicate, and Appellant does not dispute, that notice was provided to Appellant prior to and during the plea hearing and that he had an opportunity to be heard at that hearing.

The Eleventh Circuit's decision in *United States v. Weaver*, 905 F.2d 1466, 1481 (11th Cir. 1990), coupled with this Court's approval of that case, further validates our decision today. In *Weaver*, the defendant's counsel was personally served with the information on June 13, 1988, but the record reflected that it was not filed until four days after the trial began. *Id.* The Eleventh Circuit nevertheless reasoned that "[b]y personally serving [the defendant] and his counsel with a copy of the information prior to trial, and by advising the court orally that it was filing an information for purposes of sentencing enhancement, the government complied with the mandatory requirements of section 851." *Id.* The *Weaver* Court so held notwithstanding its explicit recognition that section 851 "prohibits an enhanced sentence unless the government first seeks it by properly filing an information prior to trial." *Id.* *Weaver* thus grounds its analysis in whether the defendant had notice, emphasizing that "[n]either [prior to jury selection] nor at any time prior to sentencing did [the defendant] note any objection as to the timing or form of the government's notice," *id.*, which corroborates our conclusion today that the government in the instant case complied with section 851's requirements and undercuts the dissent's rigid approach requiring that the information be filed prior to trial under all circumstances. The validity of *Weaver* and its applicability to the instant case is underscored by the fact that this Court has quoted and adopted the reasoning of that case. *See Butler*, 137 F. App'x at 816.

Our conclusion is further substantiated, and the dissent's approach is further undercut, by still other decisions of our sister circuits. For example, in *United States v. Lawuary*, 211 F.3d 372, 376 (7th Cir. 2000), *overruled on other grounds*, *Ceballos*, 302 F.3d at 679, the Seventh Circuit noted that "section 851's purpose is to provide the defendant with *adequate notice*." The government had provided "all the requisite section 851 information" in the written plea agreement, which stated:

> Because the defendant has two prior felony drug convictions in Sangamon County, Illinois case numbers 93-CF-789 and 95-CF-413 at the time of the offense, the potential penalties are:
> –mandatory life in prison
> –up to an eight million dollar fine
> –a mandatory period of supervised release of 10 years, and
> –a $100 special assessment.

*Lawuary*, 211 F.3d at 377. Citing still other language from the plea agreement,[3] the *Lawuary* Court concluded that the agreement "clearly provided [the defendant] with notice, in writing, that he faced a life sentence based on his specifically identified prior state felony drug convictions" and noted that the defendant signed the plea agreement and acknowledged that he read it, discussed it with his attorney, understood it, and agreed to it. *Id.*

After noting that the government supplemented its written notice at the time of the plea hearing by orally advising the defendant of the enhancement and that the district judge "engaged in an extensive colloquy with [the defendant at the plea hearing], ensuring that [he] was well aware" that his prior convictions would result in a mandatory life sentence, the Seventh Circuit held that the government had satisfied the requirements of section 851, affirming the defendant's conviction and sentence. *Id.* The *Lawuary* Court so held notwithstanding the fact that the government failed to file a written information stating that it was it was relying on the defendant's two prior convictions to impose a life sentence. *Id.* at 374. The degree of similarity between the facts of *Lawuary* and the instant case, evidenced particularly by, inter alia, the written plea agreements and the extensive

---

[3] That language was as follows: "[The defendant] may seek to have one or more convictions vacated, and so does not by this agreement, admit that they are valid. He does, however, acknowledge that by his guilty plea, the Court will be required to impose a sentence of life imprisonment." *Lawuary*, 211 F.3d at 377.

colloquies between the district judges and the defendants, further validates our conclusion and provides another example of our sister circuits' rejection of the approach that the dissent employs today.

We conclude by noting that our holding finds additional corroboration in the precedent of our sister circuits. *See, e.g.*, *Mooring*, 287 F.3d at 727-28 (upholding a sentence enhancement, even though the government did not timely file an information, because as part of his plea agreement, the defendant stipulated that the defendant had been given proper notice under section 851 and that the enhancement increased his mandatory minimum sentence, and because the defendant "knew of the specific earlier conviction relied on to support the enhancement, admitted his conviction to the district court, and knew of the enhanced [] sentence"; thus, "the substantive aims of the statute were satisfied," as the defendant "received the protections intended by the statute"); *United States v. Brown*, 921 F.2d 1304, 1308-09 (D.C. Cir. 1990) (upholding a sentence enhancement where the government "orally notified defense counsel of its intentions under § 851," notwithstanding the fact that the information was "not filed with the clerk before the day of trial"; rather, it was filed on the day of the trial when the judge accepted it in court).

## III.  CONCLUSION

For the foregoing reasons, we AFFIRM the decision of the district court.

---

**DISSENT**

---

COOK, Circuit Judge, dissenting. I agree with the majority that a district court's failure to comply with § 851 neither deprives the district court of jurisdiction to impose an enhanced penalty under § 841 nor deprives it of subject matter jurisdiction under 18 U.S.C. § 3231. But distinguishing *jurisdiction* from statutory *authority* leads me to conclude that the plain language of § 851 deprived the district court of authority to enhance Pritchett's sentence because the government failed to file the requisite information before sentencing. I thus respectfully dissent.

I begin with the text of the statute, *see Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 450 (2002), which reads:

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or *before* entry of a plea of guilty, the United States attorney *files* an information with the court (and *serves* a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

21 U.S.C. § 851(a)(1) (emphases added). Congress requires the United States Attorney to complete two simple tasks *before* the entry of a guilty plea in order to give the district court the authority to enhance a sentence. First, the government must *file* an information with the court. *File* means to "deliver a legal document to the court clerk or record custodian for placement into the official record." BLACK'S LAW DICTIONARY 642 (7th ed. 1999). Second, not at issue here, the government must serve the defendant with a copy of that information.

No one denies that the United States Attorney did not deliver the § 851 information to the Northern District of Ohio court clerk until after the district court entered Pritchett's guilty plea. That circumstance forecloses enhancement; "[t]he requirements delineated in § 851 are mandatory, and a district court cannot enhance a defendant's sentence based on a prior conviction unless the government satisfies them." *United States v. King*, 127 F.3d 483, 487 (6th Cir. 1997); *see also United States v. Levay*, 76 F.3d 671, 674 (5th Cir. 1996) ("Failure on the part of the government to file, before trial or before entry of a guilty plea, an information stating the previous convictions, prevents a count from enhancing a sentencing under the statute."). This case should be an easy one. The government failed to meet the § 851 prerequisites and that failure deprived the district court of the authority to impose the enhanced sentence.

The majority reasons past the government's failure to meet the notice requirement by looking to whether, despite the government's non-compliance, the statute's *purposes* nevertheless were met: Pritchett had reasonable notice that his sentence could be enhanced. But given § 851's rigid requirements, courts must respect the explicit text rather than speculate about what circumstances may suffice to disregard that clear command.

The majority also finds that interpreting the statute according to its plain language would effectively "elevate form over substance." *Ante* at 4 (citing *United States v. Layne*, 192 F.3d 556, 576 (6th Cir. 1999), and *King*, 127 F.3d at 489). Yet both cases to which the majority cites concern the substance of the information itself rather than when it was filed. On this point, I note that § 851 only requires that the information state "in writing the previous convictions to be relied upon," rather than specifying the form for the information to take.

In *King*, the "government timely filed its information before . . . trial." 127 F.3d at 488. During voir dire, the government updated its information to correct the date of the conviction (the first one was off by a month) and to add the Ohio state court case number and code section. The substance of the conviction was clear in the properly filed first information. *Id.* Looking to the text of § 851 itself, which permits "[c]lerical mistakes in the information [to] be amended at any time prior to the pronouncement of sentence," 21 U.S.C. § 851(a)(1), we held that the government's omission of some of the details in the first information were clerical mistakes and thus the amendment was permissible. *King*, 127 F.3d at 489.

In *Layne*, the government filed an information prior to trial that did not "expressly reference[] § 851." 192 F.3d at 575. We observed "that the statute is silent on whether the government must actually cite the statute in the information it files." *Id.* at 576. We further noted the statute's silence "on the specificity with which the government must identify prior convictions." *Id.* Given that silence on the specific form the information must take, we looked to the substance of the information itself, and found that "the government did all that § 851(a)(1) requires." *Id.*

It seems, then, that the majority extracts a general principle from *King* and *Layne*, decisions grounded in the text of the statute, and uses that principle to rewrite § 851 so as to avoid its distasteful result.

Were the issue here about general concepts of fairness, the majority probably has it right; Pritchett likely had all the notice fairness would require. But since "Congress can enact foolish statutes as well as wise ones,"[1] courts must not substitute "wiser" judgment for that of Congress. Congress could amend § 851 to allow mere notice to suffice. But, as presently written, the language of § 851 is clear, as is the government's failure to comply with it.

I respectfully dissent.

---

[1]ANTONIN SCALIA, *Common-Law Courts in a Civil Law System*, *in* A MATTER OF INTERPRETATION 3, 20 (1997).