*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 08a0011p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DAVID GONZALEZ,

*Defendant-Appellant.*

No. 05-4230

>

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 04-00328—John R. Adams, District Judge.

Argued: October 23, 2007

Decided and Filed: January 9, 2008

Before: BOGGS, Chief Judge; McKEAGUE, Circuit Judge; COHN, District Judge.[*]

_____

## COUNSEL

**ARGUED:** Kevin M. Schad, SCHAD & SCHAD, Lebanon, Ohio, for Appellant. Edward F. Feran, ASSISTANT UNITED STATES ATTORNEY, Cleveland, Ohio, for Appellee. **ON BRIEF:** Kevin M. Schad, SCHAD & SCHAD, Lebanon, Ohio, for Appellant. Edward F. Feran, Antoinette T. Bacon, ASSISTANT UNITED STATES ATTORNEYS, Cleveland, Ohio, for Appellee.

_____

## OPINION

_____

McKEAGUE, Circuit Judge. During a routine traffic stop, defendant David Gonzalez consented to a search of his vehicle which uncovered some seven kilograms of cocaine. Defendant was found guilty in a jury trial of possessing with intent to distribute more than five kilograms of cocaine and was sentenced to life in prison. In challenging his conviction and sentence, defendant asserts five claims of error: (1) that the government did not timely file notice of possible sentencing enhancement based on prior convictions; (2) that the sentencing court improperly considered his two prior drug felony convictions to be separate offenses even though they arose from a single criminal episode; (3) that evidence seized in a consensual search which exceeded the scope of the consent should have been suppressed; (4) that the government engaged in prosecutorial misconduct during closing arguments; and (5) that the conviction was not supported by sufficient evidence that he

_____

[*]The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

knowingly possessed the cocaine. Finding that none of defendant's claims have merit, we affirm the the district court's judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

At about 10:30 a.m. on May 27, 2004, David Gonzalez, then 30 years old, a resident of Buffalo, New York, was driving a rented 2005 Dodge Caravan eastward on Interstate 90 near Milan, Ohio, when he was pulled over by Willoughby Hills Police Officer Shannon Vachet for minor moving violations. As Vachet explained his written warning to Gonzalez and was about to ask whether there was any contraband in the vehicle, Gonzalez invited him to search the Caravan. On searching the van, which was otherwise in good condition, Vachet noticed a piece of molding in the rear storage area that was slightly out of place. He touched the molding and it fell off, exposing the face of the rear speaker and the void inside the rear quarter-panel of the van's exterior. Looking into the opening, Vachet observed two plastic-wrapped packages, which he recognized as possibly containing narcotics.

Vachet then advised Gonzalez that he was being detained for investigation, applied handcuffs, placed him in his patrol car, and advised him of his *Miranda* rights. Gonzalez was transported to the police station as the van was towed there. A police narcotics dog alerted positively on examination of the van. A search warrant was obtained and seven packages containing seven kilograms of cocaine were retrieved from the van.

Gonzalez was charged in the Northern District of Ohio with possessing with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(a). As early as September 2004, the government had given notice to defendant's counsel that defendant, if convicted, due to his two prior felony drug convictions, could be subject to a mandatory term of life imprisonment. Again, at a competency hearing on February 10, 2005, the district court advised defendant of the possibility that he could be facing a mandatory sentence of life imprisonment. Defendant Gonzalez's motion to suppress evidence was denied by the district court on March 21, 2005. At the final pretrial conference on April 1, 2005, defendant acknowledged, as he asked for a further continuance of the impending trial, that "I'm facing a life sentence here." Hr. tr. pp. 19-20, JA 478-79.

On April 11, 2005, the date set for commencement of trial, jury selection began but was not completed. Before jury selection resumed the next day at 1:00 p.m., the government filed its superseding information regarding prior convictions at 12:07 p.m. The jury returned its verdict on April 15, 2007, finding defendant guilty as charged. At the sentencing hearing on July 13, 2005, defendant objected to the government's position that his sentence should be enhanced because of his two prior felony drug convictions. Defendant insisted the two offenses were part of one continuous course of conduct and should be deemed to have merged for sentencing purposes. The court overruled the objection, found the two convictions to be separate and distinct, and sentenced defendant to mandatory life imprisonment pursuant to 21 U.S.C. § 851. The judgment was entered on September 13, 2005 and defendant timely appealed, asserting five claims of error.

## II. ANALYSIS

### A. Timeliness of § 851 Notice

In relevant part, 21 U.S.C. § 851(a)(1) provides:

No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information

with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

Defendant contends this prerequisite to enhanced sentencing was not met because his trial commenced before the Assistant U.S. Attorney filed the superseding information. Indeed, defendant's trial commenced with jury selection on April 11, 2005. The superseding information, containing the § 851 notice, was not filed until 12:07 p.m. on April 12. The district court is thus said to have lacked authority to impose the enhanced sentence. Defendant asks the court to vacate the sentence and remand the case for resentencing under the correct sentencing range of 20 years to life. The government's response is twofold: (1) that the notice was timely filed because the trial did not begin until jeopardy attached with the swearing-in of the jury later in the afternoon of April 12; and (2) that the § 851 notice requirement was substantially complied with because, irrespective of whether trial commenced on April 11 or April 12, defendant undisputedly had actual notice of the government's intent to seek an enhanced sentence months before trial.

Defendant concedes that he failed to make this objection below and that it is therefore subject to review only for plain error. *See* Fed R. Civ. P. 52(b); *United States v. Meeker*, 411 F.3d 736, 741 (6th Cir. 2005). A forfeited "plain error" may be corrected by the appellate court only if it "affects substantial rights" and "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id*. (quoting *Johnson v. United States*, 520 U.S. 461, 466-67 (1997)).

Applying this "plain error" standard, it is clear as a threshold matter that, even if the superseding information were deemed not to have been filed "before trial," a correctable plain error is not made out. In view of defendant's undisputed actual notice of the government's intent long before April 11, 2005, the government's 24-hour tardiness in actually filing the notice can in no way be deemed to have affected defendant's "substantial rights" or to have "seriously affected the fairness, integrity or public reputation of the judicial proceeding." In fact, quite the opposite is true. Greater injury to the public reputation of judicial proceedings would be done if we were to exalt form over substance and vacate defendant's sentence under these circumstances. Yet, even if we were to review *de novo*, consideration of the merits of the parties' arguments would only confirm the conclusion that defendant is not entitled to relief.

Defendant relies on *United States v. Robinson*, 110 F.3d 1320 (8th Cir. 1997), for the proposition that the § 851 "before trial" filing requirement requires that "the government file the information before jury selection begins, thus allowing the defendant 'ample time to determine whether he should enter a plea or go to trial, and to plan his trial strategy with full knowledge of the consequences of a guilty verdict.'" *Id*. at 1327-28 (quoting *United States v. Johnson*, 944 F.2d 396, 407 (8th Cir. 1991)).

While *Robinson* and *Johnson* are still good law in the Eighth Circuit, the government criticizes them and argues there is no good reason, for purposes of § 851, to hold that trial began when jury selection began, rather than when jeopardy attached, i.e., when the jury was sworn. Indeed, the Fourth Circuit has recognized that "before trial" is "surely ambiguous" and "may be defined differently in different contexts." *United States v. Beasley*, 495 F.3d 142, 149 (4th Cir. 2007). In view of this ambiguity and the lack of controlling precedent on the issue, the *Beasley* court held that the trial court's assumption that an information filed after the jury was selected but before the jury was sworn was timely could not be "plain error." *Id*. at 149-50.

Moreover, the Sixth Circuit, too, has taken a practical approach, recognizing "the importance of interpreting section 851's notice requirements so as to avoid elevating form over substance."

*United States v. King*, 127 F.3d 483, 489 (6th Cir. 1997).[1]  The *King* court emphasized that the proper inquiry is whether the defendant is given reasonable notice of the government's intent to rely on a particular conviction and a meaningful opportunity to be heard. *Id*. at 488-89. Consistent with this approach is the court's ruling in *United States v. Butler*, 137 F. App'x 813, 815-16 (6th Cir. 2005) (unpublished).  In *Butler*, the government was deemed to have adequately "filed" its § 851 information before trial when it advised defendant on the record and served him with a copy during a pretrial conference, even though the information was not actually filed on the docket until five days later, *after* trial had begun.

Even more recently, this practical approach was again evident in *United States v. Pritchett*, 496 F.3d 537 (6th Cir. 2007).  In *Pritchett*, the court cited *King* and *Butler* as well as numerous decisions from other circuits in holding that § 851 notice was timely, even though it was filed *after* the plea hearing in which the defendant had signed the plea agreement and the court had accepted his plea.  The notice was deemed timely because the defendant undisputedly had actual notice of the government's intent to seek the sentence enhancement and had an opportunity to challenge the validity of his prior convictions.  *Id*. at 548-50.  *See also United States v. Layne*, 192 F.3d 556, 576 (6th Cir. 1999); *United States v. Grooms*, 194 F. App'x 355, 365 (6th Cir. 2006).  The *Pritchett* court expressly rejected a "rigid approach" to enforcement of § 851's notice requirements.  496 F.3d at 549.  As long as the due process purposes of § 851 are met, the *Pritchett* court re-emphasized, the government will be deemed to have adequately complied with § 851.  *Id*. at 548-49.

Here, too, the record is clear, and defendant Gonzalez has not disputed, that he had actual notice of the government's intention to use his prior convictions to seek an enhanced sentence months before trial.  Defendant thus had ample time to determine whether to tender a plea or go to trial, and had ample time to plan his trial strategy with full knowledge of the consequences of a guilty verdict. Hence, irrespective of whether trial were deemed to have commenced when jury selection began or alternatively, when the jury was sworn, the due process purposes of the § 851 notice requirements were clearly satisfied.  Any violation of the notice requirements was technical only and inconsequential.  To allow such a technical violation to defeat the government's right to seek enhancement of defendant's sentence under these circumstances would impermissibly exalt form over substance.  Accordingly, defendant's first claim of error must be overruled.

## B.  Treatment of Prior Convictions as Separate Offenses

Defendant's contention that the district court erred by treating his two prior felony drug convictions as separate offenses is subject to *de novo* review.  *United States v. Thomas*, 211 F.3d 316, 319 (6th Cir. 2000).  Whether defendant's two prior convictions should be viewed as separate predicate offenses is a function of whether they represent multiple criminal episodes that were distinct in time, as opposed to multiple convictions arising out of a single criminal episode. *United States v. Murphy*, 107 F.3d 1199, 1209 (6th Cir. 1997).  An "episode" is "an incident that is part of a series, but forms a separate unit within the whole."  *Id*.  "Although related to the entire course of events, an episode is a punctuated occurrence with a limited duration."  *Id*.  The question of separateness turns on "some reasoned basis for considering criminal conduct to be a definable event."  *Id*. at 1210; *Thomas*, 211 F.3d at 320.

Both of defendant's prior felony drug convictions arose in the Western District of New York. In Case No. 95-CR-37-10, defendant was charged, along with some 53 other co-defendants, with participating in a conspiracy "from sometime in late 1992 and continuing thereafter until on or about July 15, 1995."  Indictment p. 4, JA 151.  The object of the alleged conspiracy was to possess more

---

[1]The *King* court construed "before trial" to mean "before *voir dire*," but the construction is mere *dictum* under the facts presented in *King*.  *See* 127 F.3d at 488.

than five kilograms of cocaine with intent to distribute it. The indictment expressly charged defendant Gonzalez with only one overt act in furtherance of the conspiracy: "On or about May 24, 1995, DAVID GONZALEZ delivered a 1985 Mazda RX-7, its keys and title to Vidal Regaldo in payment for a quantity of cocaine previously provided to GONZALEZ." *Id*. at 40, JA 187. In Case No. 96-CR-133, defendant was later charged in a single-count information with possession with intent to distribute a quantity of a mixture or substance containing cocaine on July 19, 1995. Information, JA 188. The two cases were consolidated for purposes of plea agreement and sentencing.

Defendant contends the possession offense is a subset of the conspiracy offense, and that the conspiracy offense subsumed the possession offense. Defendant argues the two offenses should therefore be considered to have arisen out of the same criminal episode. The government maintains the district court, which conducted a lengthy hearing on this issue, properly concluded, based on careful and explicit findings, that the convictions involved "separate criminal episodes that were distinct in time." Findings of Fact, 8-9, JA 127-28.

Integral to the district court's analysis were several distinct findings. First, the court found that each of the two offenses, one being evidenced by conduct occurring on May 24, 1995 and one being evidenced by conduct occurring on July 19, 1995, "formed a separate unit within the whole and each episode, although perhaps related to the entire course of events, was a punctuated occurrence with a limited duration." *Id*. Second, the court noted that the person to whom defendant sold cocaine when he possessed it on July 19, 1995 was not named in connection with the earlier conspiracy. Hrg. tr. p. 26, JA 900. Finally, the court noted that the two offenses were treated as two separate and distinct offenses in the plea agreement and judgment of sentence, as evidenced by the concurrent sentences imposed, rather than a single sentence. *Id*. at 27, JA 901.

Despite his understandable disagreement, defendant has not effectively refuted or undermined the district court's analysis in any way. On *de novo* review of the present record, it appears that the July 19, 1995 possession of cocaine, occurring several days after the conclusion of the earlier charged conspiracy, was a "punctuated occurrence with a limited duration;" an episode separate from, albeit possibly related to, the earlier conspiracy which involved dozens of individuals and spanned a period of over two years. Applying the "multiple criminal episodes" standards set forth in *Murphy* and *Thomas*, the district court's decision to treat the convictions as separate offenses must be upheld.

### C. Scope of Search

In evaluating the district court's denial of the motion to suppress, the parties agree that fact findings are reviewed for clear error and legal conclusions are reviewed *de novo*. *United States v. Carter*, 378 F.3d 584, 587 (6th Cir. 2004). Where the district court has denied a motion to suppress, the evidence is reviewed in the light most favorable to the government. *Id*.

Defendant acknowledges that he consented to a search of the Dodge Caravan, but contends, citing *United States v. Garrido-Santana*, 360 F.3d 565, 576 (6th Cir. 2004), that his consent could not reasonably have been understood to authorize Officer Vachet to damage the vehicle in conducting the search.

Applying an objective reasonableness standard, we agree that Gonzalez's consent to search could not be reasonably understood as authorizing Vachet to damage the van. Yet, the record does not support a finding that Vachet did any damage to the van during the consensual search. Instead, viewing the record in the light most favorable to the government, it appears that the subject piece of plastic molding became dislodged in response to the slightest exploratory touch or manipulation by Vachet and that its falling off created an opening through which suspicious-looking packages

were readily visible. To the extent that screws and other parts ultimately needed to be removed to gain access to the packages, these steps were taken only later, after Vachet had obtained a search warrant. In other words, any actions that might be construed as resulting in damage to the van were not taken pursuant to Gonzalez's consent, but were authorized by the warrant-issuing magistrate. Defendant has not identified any record support for his argument that the scope of Vachet's search at the site of the traffic stop exceeded the scope of *his* undisputed voluntary consent. The district court's denial of the motion to suppress must therefore be affirmed.

### D. Prosecutorial Misconduct

Defendant contends the Assistant U.S. Attorney overstepped his bounds during closing arguments by implying that defendant had the burden of coming forward with evidence establishing his innocence. In particular, defendant focuses on two remarks made by the prosecuting attorney:

> Well, you heard absolutely zero evidence that he had a business trip back in Buffalo to meet. You heard zero evidence that he had any kind of family problems . . .

> Why didn't he have brochures from the jewelry business that he visited? Why didn't he have layouts from the apartment buildings? Why didn't he have business cards with the people he met with? Why didn't he have a day planner, directions of the buildings?

Trial tr. pp. 288, 292, JA 817, 821. Again, defendant acknowledges that he did not make this objection below and that it is therefore subject to review only for plain error.

The standards governing the prosecutorial misconduct claim are not disputed. They are summarized as follows:

> In reviewing allegations of prosecutorial misconduct, this Court conducts a two-step inquiry. *United States v. Francis*, 170 F.3d 546, 549 (6th Cir.1999). First, we determine if the statements were improper. *Id.* If they were improper, we consider the following factors to determine if the comments were flagrant enough to warrant reversal: (1) whether the prosecutor's remarks or conduct tended to mislead the jury or prejudice the accused; (2) whether the remarks were isolated or extensive; (3) whether the remarks were accidentally or deliberately made; and (4) the overall strength of the evidence against the accused. *Id.*

*United States v. Barnett*, 398 F.3d 516, 522 (6th Cir. 2005). *See also Girts v. Yanai*, 501 F.3d 743, 759 (6th Cir. 2007). In determining whether the prosecuting attorney's remarks were improper, they must be considered within the context of the trial as a whole, *Girts*, 501 F.3d at 759, with particular attention to whether they may have been invited by defense counsel's conduct. *Barnett*, 398 F.3d at 522-23. Inappropriate prosecutorial comments, standing alone, do not warrant a new trial. *United States v. Bond*, 22 F.3d 662, 667 (6th Cir. 1994). To warrant relief, the prosecutorial misconduct must have been "so pronounced and persistent that it permeate[d] the entire atmosphere of the trial." *Id.* (quoting *United States v. Payne*, 2 F.3d 706, 712 (6th Cir. 1993)). Even under plain error review, relief may be warranted, but only if the prosecutorial misconduct was "exceptionally flagrant." *Girts*, 501 F.3d at 759.

"It is axiomatic that a defendant in a criminal trial need not testify or produce any evidence, and that a prosecutor may not comment on the absence of such." *Bond*, 22 F.3d at 669. "The prosecutor may, however, summarize the evidence and comment on its quantitative and qualitative significance." *Id.* In evaluating a claim of improper comment by a prosecutor, the court should consider (1) whether the comments were manifestly intended to reflect on the accused's silence or are of such a character that the jury would "naturally and necessarily" construe them as such;

(2) whether the comments were isolated or extensive; (3) whether there was otherwise overwhelming evidence of guilt; and (4) whether appropriate curative instructions were given. *Id.*; *Bowling v. Parker*, 344 F.3d 487, 514 (6th Cir. 2003).

The government contends the remarks identified by defendant were not improper at all, but represented appropriate comments (1) in response to evidence of statements made by Gonzalez to officers at the scene about his purposes in traveling from Buffalo to Chicago and back; and (2) in response to assertions made in defense counsel's opening statement to the effect that the proofs would establish Gonzalez's involvement in the cell phone business and the jewelry business in Buffalo.

Indeed, the purpose of defendant's round trip from Buffalo to Chicago in a rental van was probative of the likelihood of his "knowing" possession of the cocaine hidden in the van. Since the claimed innocent purposes of his trip had been alluded to in officers' testimony and counsel's opening statement, the prosecuting attorney's comments, viewed in context, appear not to be improper at all, but appropriate comments on the "quantitative and qualitative significance of the evidence." The comments were invited, at least in part, by record evidence and statements of defense counsel. The comments were isolated and did not represent a manifest attempt to improperly reflect on defendant's silence. While the evidence of defendant's knowing possession of the cocaine was not overwhelming, it does not appear, viewing the record as a whole, that the prosecutor's rather innocuous comments were calculated to mislead or unfairly prejudice the jury. No curative instruction was given because no objection was made and the comments were not otherwise so manifestly improper as to call for one.

Moreover, even if the comments were deemed to be facially improper, there is no way the misconduct could be deemed to have been so "exceptionally flagrant" or "so pronounced and persistent that it permeated the entire atmosphere of the trial" as to warrant relief—especially under plain error review. There simply is no basis for concluding that counsel's comments on the evidence adversely affected defendant's substantial rights and adversely affected the fairness, integrity or public reputation of the trial. *Meeker*, 411 F.3d at 741. This claim of error, too, is therefore denied.

### E. Sufficiency of Evidence

Defendant maintains finally that there was insufficient evidence of his *knowing* possession of the cocaine to sustain the government's burden of proof beyond a reasonable doubt.[2] In evaluating the sufficiency of the evidence, we do not weigh the evidence presented, consider the credibility of the witnesses, or substitute our judgment for that of the jury. *United States v. Davis*, 177 F.3d 552, 558 (6th Cir. 1999). The judgment will be upheld as long as the evidence, viewed in the light most favorable to the prosecution, and after giving the government the benefit of all inferences that could reasonably be drawn from the testimony, could justify a rational trier of fact in finding the elements of the charged crime proven beyond a reasonable doubt. *Id.* Circumstantial evidence alone may be sufficient to sustain a conviction and such evidence need not exclude every reasonable explanation except that of guilt. *United States v. Charles*, 138 F.3d 257, 265 (6th Cir. 1998); *United States v. Peters*, 15 F.3d 540, 544 (6th Cir. 1994).

---

[2] Defendant preserved his right to challenge the sufficiency of the evidence on appeal by timely moving in the district court for judgment of acquittal under Fed. R. Crim. P. 29 after the jury returned its verdict. It appears, however, that the district court inadvertently failed to rule on the motion. Yet, the district court's failure is of little practical significance, as we review the implied denial of the motion for judgment of acquittal *de novo*. *United States v. Hines*, 398 F.3d 713, 719 (6th Cir. 2005).

In this case, there was no direct evidence of defendant's knowledge of the presence of the cocaine in the van. Yet, defendant was the operator and only occupant of the van when the cocaine was discovered. At that time, he also had in his possession three cell phones and a screwdriver (ostensibly needed, the record showed, to access and remove the cocaine bricks from the van quarter-panel). These items, the record showed, may have represented tools of the drug-trafficking trade. The innocent and arguably inconsistent explanations that defendant gave law enforcement officers for making a rushed round-trip journey between Buffalo and Chicago (a source city of narcotics, the record showed) in a rented vehicle (a common tactic of drug traffickers, the record showed, to avoid forfeiture of their personal vehicles) remained totally unsubstantiated. Under these circumstances, viewing the evidence in the light most favorable to the prosecution, we can hardly rule that no rational trier of fact could conclude that the knowing possession element was established beyond a reasonable doubt.

The cases relied on by defendant, *United States v. Reece,* 86 F.3d 994 (10th Cir. 1996), and *United States v. Jones*, 49 F.3d 628 (10th Cir. 1996), are distinguishable in that they involved only circumstantial evidence of the defendant's knowing constructive possession in the face of evidence that the defendant was one of two or more occupants of the subject vehicle when controlled substances were discovered in it. Moreover, in both *Reece* and *Jones*, the circumstantial evidence pointed more strongly toward knowing possession by an occupant *other than* the defendant. In *Reece*, the defendant was the driver of a vehicle and drugs were found on the person of a passenger. In *Jones*, the defendant was one one of four occupants in a car rented by one of the others.

Here, in contrast, defendant Gonzalez was the operator and only occupant of the van, rented in his name. The evidence of defendant's innocent explanations for his trip to Chicago, being unsubstantiated, merely served to enhance suspicion. To be sure, defendant's actions in practically inviting Vachet to search the van were bizarre. This was a matter for the jury to sort out. Under all the circumstances, the jury's verdict, although not compelled by the evidence, cannot be said to have been based purely on speculation or conjecture. Viewing the evidence in the light most favorable to the government and considering that the evidence, to be sufficient, need not exclude all reasonable hypothetical explanations other than guilt, we conclude that the jury's verdict is sufficiently supported by the evidence.

### III. CONCLUSION

For the foregoing reasons, all of defendant's claims of error are overruled and the judgment of the district court is **AFFIRMED**.