**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0401n.06
Filed: July 2, 2008

**Case No. 07-5317**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| STEPHEN EARL EDMONDSON, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| _____ | ) | |

**BEFORE: BATCHELDER, MOORE, and MCKEAGUE, Circuit Judges.**

**ALICE M. BATCHELDER, Circuit Judge.** Plaintiff-Appellant Stephen Earl Edmondson ("Edmondson") was convicted of being a felon in possession of three firearms in violation of 18 U.S.C. § 922(g)(1) and sentenced to 51 months' imprisonment. On appeal Edmondson makes two arguments: (1) that the jury had insufficient evidence with which to convict him; and (2) that his sentence is substantively unreasonable. Finding no merit in either of these contentions, we **AFFIRM**.

## I. BACKGROUND

On the evening of July 25, 2005, police and emergency medical technicians arrived at Edmondson's house, responding to a call regarding a male subject who was believed to have overdosed on drugs. Police Officer Alan Bolan ("Bolan") arrived first, followed by EMTs Ronnie

1

Nanney ("Nanney") and Tonya Patterson. Bolan and Nanney found Edmondson lying on the front porch, incoherent and unresponsive. Seeking to treat Edmondson effectively, Nanney asked Bolan to search the house for any drugs or medications on which Edmondson might have overdosed.

Upon entering the house, Bolan immediately saw a 12-gauge shotgun leaning against the television. Bolan was familiar with Edmondson and knew that he was a convicted felon[1], and he therefore seized the shotgun. Officer Siler, who by this time had arrived on the scene, searched the bedroom at the rear of Edmondson's house for medications and drugs and found two more firearms — another shotgun and a .22-caliber revolver — wedged between the mattress and box springs. Officer Siler also found ammunition for the firearms.[2] About one-half hour after arriving, the EMTs loaded Edmondson into an ambulance and took him to the hospital. The police officers left the home shortly thereafter. Later that evening, Bolan was visiting his father at the hospital and happened upon Edmondson, who confronted Bolan and asked when he could get his guns back.

Edmondson was indicted on a charge of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and a jury convicted him on that charge. The Presentence Investigation Report calculated Edmondson's offense level at 22, with a Criminal History Category of III, corresponding to a Guidelines range of 51-63 months. Edmondson conceded that the Guidelines were properly calculated but argued for a variance below the Guidelines range. At sentencing the district court considered the Guidelines range, the 18 U.S.C. § 3553(a) factors, and the relevant information particular to Edmondson. Ultimately, the district court settled on a sentence it

---

[1]In 2003 Edmondson pleaded guilty to arson for attempting to burn down his house and collect the insurance proceeds.

[2]It is undisputed that all three firearms seized from Edmondson's house were manufactured outside of Tennessee.

concluded was sufficient but not greater than necessary to punish the crime — 51 months' imprisonment, the low end of the Guidelines range, with two years of supervised release. The district court imposed that sentence even though it thought Edmondson's criminal history might support a higher sentence. Edmondson timely appealed both his conviction and sentence.

## II. ANALYSIS

On appeal, Edmondson challenges the sufficiency of the evidence for his conviction and the substantive reasonableness of his sentence. We address them in turn, beginning with the conviction.

### A. The evidence presented at trial was sufficient to convict Edmondson.

Edmondson first argues that the evidence presented at trial was not sufficient to prove all the elements of 18 U.S.C. § 922(g)(1) beyond a reasonable doubt. An appellate court evaluating the sufficiency of the evidence presented at trial does "not weigh the evidence presented, consider the credibility of the witnesses, or substitute [its] judgment for that of the jury." *United States v. Gonzalez*, 512 F.3d 285, 293 (6th Cir. 2008) (citing *United States v. Davis*, 177 F.3d 552, 558 (6th Cir. 1999)). We will uphold a conviction so long as the evidence, when viewed in the light most favorable to the prosecution, could justify a rational trier of fact in finding the elements of the crime charged proved beyond a reasonable doubt. *Id*. at 293-94 (internal citations omitted). Moreover, circumstantial evidence alone may be sufficient to sustain a conviction and the evidence presented at trial need not exclude every reasonable explanation save that of guilt. *Id*. at 294 (citing *United States v. Charles*, 138 F.3d 257, 265 (6th Cir. 1998)).

In order to obtain a conviction under § 922(g)(1), the government must prove beyond a reasonable doubt that: (1) the defendant was previously convicted of a crime punishable by imprisonment for a term exceeding one year — a felony; (2) the defendant knowingly possessed the

3

firearm(s) specified in the indictment; and (3) the firearm(s) traveled in or affected interstate commerce. *United States v. Schreane*, 331 F.3d 548, 560 (6th Cir. 2003) (quoting *United States v. Daniel*, 134 F.3d 1259, 1263 (6th Cir. 1998)). Edmondson does not challenge the evidence that he has a previous felony conviction for arson or that the three firearms specified in the indictment traveled in or affected interstate commerce. He argues only that the evidence was insufficient to prove that he knowingly possessed the firearms.

Both actual and constructive possession are sufficient to give rise to criminal liability under § 922(g). *United States v. Murphy*, 107 F.3d 1199, 1207 (6th Cir. 1997). The government does not argue that Edmondson actually possessed the firearms — that is, that they were in his immediate control — on the night in question, but that he constructively possessed them.

One has constructive possession over an object when he has "the power and intention at a given time to exercise dominion and control" over the object. *Id*. at 1208 (quoting *United States v. Craven*, 478 F.2d 1329, 1333 (6th Cir. 1973)); *see also United States v. Gardner*, 488 F.3d 700, 713 (6th Cir. 2007) ("[C]onstructive possession exits when a person . . . knowingly has the power and the intention at a given time to exercise dominion and control over an object."). Proof that Edmondson had dominion over the premises where the firearms were located is sufficient to establish that he constructively possessed the firearms. *Id*. (quoting *United States v. Kincaide*, 145 F.3d 771, 782 (6th Cir. 1998)). But possession of a residence alone — without more — is not sufficient to establish constructive possession of all the contents therein. *United States v. Craven*, 478 F.2d 1239, 1233 (6th Cir. 1973). Dominion over the contents inside a residence contemplates something more than merely owning the residence.

The evidence in this case showed that Edmondson had substantial dominion or control over the firearms that Officers Bolan and Siler found in his house. Two of the guns were found in Edmondson's bedroom, wedged between the mattress and box springs of his bed, along with a bag of ammunition; Edmondson specifically asked Bolan when he, Edmondson, could get "his guns" back; and in rebuttal to Edmondson's mother's testimony that the guns were hers and that she had taken them to her son's home to prevent her visiting granddaughter from having access to them, Bolan testified at trial that Edmondson's mother had initially queried Bolan as to why he took "her son's guns." What Edmondson is really asking this court to do is assess the credibility of the witnesses. That is, he argues that we should accept the version of events to which his mother testified over the version of events to which Bolan testified. But it was the jury's province to determine whose testimony was more credible, and they chose Bolan's. "We do not weigh the evidence, assess the credibility of the witnesses, or substitute our judgment for that of the jury." *United States v. Barnett*, 398 F.3d 516, 522 (6th Cir. 2005); *see also Gonzalez*, 512 F.3d at 293.

Finally, Edmondson claims that the evidence is insufficient because the jury had to make inferences. But we "cannot overturn the jury's decision merely because it had to draw reasonable inferences to find" Edmondson guilty. *United States v. Arnold*, 486 F.3d 177, 181 (6th Cir. 2007) (en banc). It is within the jury's province to draw reasonable inferences from the evidence presented, and whatever inferences the jury drew in this case, it apparently drew against Edmondson. Consequently, we hold that the evidence was sufficient for the jury to conclude beyond a reasonable doubt that Edmondson knowingly possessed the three firearms specified in the indictment.

**B. The sentence imposed by the district court was substantively reasonable.**

Edmondson next argues that his 51-month sentence of imprisonment is substantively unreasonable. We review for abuse of discretion every sentence that is free of significant procedural error. *United States v. Vowell*, 516 F.3d 503, 509 (6th Cir. 2008) (citing *Gall v. United States*, 128 S. Ct. 586, 597 (2007)). Edmondson does not claim that the district court committed any significant procedural errors, and our review has revealed none.

The question before us, then, is whether the district court "abused [its] discretion in determining that the § 3553(a) factors supported" the 51-month sentence imposed. *Gall*, 128 S. Ct. at 600. A district court abuses its sentencing discretion when it "select[s] a sentence arbitrarily, bas[es] the sentence on impermissible factors, fail[s] to consider pertinent § 3553(a) factors or giv[es] an unreasonable amount of weight to any pertinent factor." *Vowell*, 516 F.3d at 510 (citations omitted). "On abuse of discretion review, we will give 'due deference to the [d]istrict [c]ourt's reasoned and reasonable decision that the § 3553(a) factors, on the whole, justified the sentence,'" *id*. at 513 (quoting *Gall*, 128 S. Ct. at 602), because the sentencing judge is in the best position "to find facts and judge their import under § 3553(a) in the individual case," *Gall*, 128 S. Ct. at 597.

The district court did not sentence Edmondson arbitrarily, base its sentence on impermissible factors, fail to consider the § 3553(a) factors, or give an unreasonable amount of weight to any factor. Rather, after detailing its consideration of those factors, the district court imposed the lowest sentence in the applicable Guidelines range of 51-63 months — a sentence that the court explained was "sufficient to punish [Edmondson] but not more than is necessary." Because this sentence is within the properly calculated Guidelines range, we credit it with a rebuttable presumption of reasonableness, *United States v. Wheaton*, 517 F.3d 350, 371 (6th Cir. 2008); *United States v.*

6

*Williams*, 436 F.3d 706, 708 (6th Cir. 2006); and because our review convinces us that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of § 3553(a), *United States v. Foreman*, 436 F.3d 638, 640 (6th Cir. 2006), we conclude that Edmondson has failed to rebut that presumption.  We find no abuse of discretion here.

### III.  CONCLUSION

For the foregoing reasons, we **AFFIRM** Edmondson's conviction and sentence.