NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0036n.06
Filed: January 16, 2009

Case No. 07-5430

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| GREGORY WAYNE CONNER, | ) | DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

BEFORE: SUHRHEINRICH, BATCHELDER, SUTTON, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.** Defendant Gregory Wayne Conner appeals his conviction and sentence on two counts of bank robbery and one count of use of a firearm in committing a crime of violence. Conner contends that the evidence at trial was insufficient to support his conviction on the firearm charge, and that the district court erred in enhancing his sentence for brandishing a firearm during one of the robberies and in calculating his criminal history. Finding no merit to any of these claims, we affirm.

**BACKGROUND**

Over the course of four months in 1996, Conner and his accomplice, Erica Walker, robbed two banks in Kentucky. In each robbery, Conner entered the bank, approached the teller, pulled out a gun, and demanded money. Conner escaped with $29,393 in the first heist, and $2,638 in the

second. Each time, Walker drove the getaway car.

Approximately five minutes after the second robbery, Constable Richard Banfield saw Conner and Walker's car, and recognized that it matched the description of the getaway car, which he had just received from dispatch. Banfield called for backup from the Sheriff and followed the car, activating his lights and sirens when the car turned off onto a side road. As Banfield pursued the car, Conner — according to Walker — threw an item that resembled a gun out the passenger side window. Banfield stopped the car and approached the driver's side window; at that point, he observed several one hundred dollar bills in the car. Banfield decided to wait for backup before confronting the occupants of the car further. Shortly thereafter, Kentucky State Police and Sheriff's Department officers arrived, and conducted a search of the car, which yielded the clothing that Conner had worn during the robbery, a Kentucky license plate, and a roll of duct tape. The officers arrested both Walker and Conner.

Conner was indicted on charges of bank robbery in violation of 18 U.S.C. § 2113(a) (Count One), armed bank robbery in violation of 18 U.S.C. § 2113(a & d) (Count Two), and use of a firearm in committing a crime of violence (i.e., the robbery charged in Count Two) in violation of 18 U.S.C. § 924(c)(1) (count Three). He was tried before a jury and convicted on all counts. At sentencing, the district court increased Conner's offense level by five levels pursuant to USSG § 2B3.1(b)(2)(C), because Conner had brandished a firearm during the bank robbery charged in Count One. Although Conner had also brandished a firearm during the bank robbery charged in Count Two, no firearm enhancement was permitted on that count because Conner was convicted under 18 U.S.C. § 924(c)(1) for using a firearm during and in relation to that robbery. The district court calculated Conner's criminal history as Category II. The court imposed one criminal history point for a prior

2

conviction for failing to pay child support; the court imposed two additional points pursuant to USSG §4A1.1(d) because Conner committed the bank robberies while he was serving a five-year diversionary sentence for failure to satisfy child support obligations. Conner timely appealed.

## ANALYSIS

Conner advances three arguments on appeal: that there was insufficient evidence to convict him on Count Three; that the district court erred by enhancing his base offense level on Count One pursuant to USSG § 2B3.1(b)(2)(C); and that the district court erred by enhancing his criminal history level by two points pursuant to USSG § 4A1.1(d). We are not persuaded.

### A.    Sufficiency of Evidence.

Conner argues that the evidence presented at trial was not sufficient to prove all elements of 18 U.S.C. § 924(c)(1) beyond a reasonable doubt. In evaluating the sufficiency of the evidence, "we do not weigh the evidence presented, consider the credibility of the witnesses, or substitute our judgment for that of the jury." *United States v. Gonzalez*, 512 F.3d 285, 293 (6th Cir. 2008). Instead, we view the evidence in the light most favorable to the prosecution and give the government the benefit of all inferences that could reasonably be drawn from the testimony. *Id*. We will uphold the judgment so long as "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). This highly deferential standard can be satisfied by circumstantial evidence alone, even when that evidence fails to exclude every reasonable explanation except that of guilt. *Gonzalez*, 512 F.3d at 294.

Count Three charged Conner with using a firearm during and in relation to a crime of violence — the armed robbery charged in Count Two — in violation of 18 U.S.C. § 924(c)(1). The

thrust of Conner's sufficiency-of-the-evidence argument is that § 924(c) criminalizes only the use of real firearms, not toys or fakes, and the evidence produced by the government is insufficient to prove beyond a reasonable doubt that he used a real gun in the robbery. He contends that the government should be required to produce either the weapon itself or expert testimony to prove that the gun he used was real. Alternatively, Conner argues that even if the government is not required to produce the weapon or present expert testimony, the evidence that was produced in this case was insufficient to prove beyond a reasonable doubt that the gun he used was not a fake or a toy. In particular, Conner points to the vagueness of much of the testimony on this point, including one witness's description of the gun as "black plastic."

We find no merit in Conner's arguments. The government is not necessarily required to offer the actual weapon into evidence in order to obtain a conviction under § 924(c)(1). *See United States v. Crowe*, 291 F. 3d 884, 887 (6th Cir. 2002) ("[t]he mere possibility that the object seen by witnesses may have been a sophisticated toy or other facsimile does not necessarily create a reasonable doubt, nor is the government required to disprove that theoretical possibility" (quoting *United States v. Jones*, 16 F.3d 487, 491 (2d Cir. 1994)). Here, the government produced the eyewitness testimony of two individuals working at the bank on the day in question, each of whom testified that Conner was holding a black gun. The government corroborated this testimony with video and photographs taken from the bank's surveillance camera showing Conner holding what appears to be a gun, and with testimony from Conner's co-defendant that she saw Conner throw an item that "looked like a gun" out the window of her car before they were apprehended by police. While Conner is certainly correct that none of this evidence conclusively proves that he used a *real* — as opposed to fake or toy — gun in the robbery, it is nonetheless sufficient to uphold his

4

conviction given the limited scope of our review. *Cf. Gonzalez*, 512 F.3d at 294 ("Circumstantial evidence alone may be sufficient to sustain a conviction and such evidence need not exclude every reasonable explanation except that of guilt."); *see also United States v. Bowlson*, 148 F. App'x 449, 453 (eyewitness testimony and bank surveillance pictures were sufficient to support § 924(c) conviction).

**B.      Enhancement for Brandishing a Firearm.**

We review the district court's conclusions of law concerning the Sentencing Guidelines de novo and its findings of fact for clear error. *United States v. Davidson*, 409 F.3d 304, 310 (6th Cir. 2005); *United States v. Tocco*, 306 F.3d 279, 284 (6th Cir. 2002). Conner makes a number of arguments attacking the district court's decision to increase his base offense level pursuant to USSG § 2B3.1(b)(2)(C) because he brandished a firearm during the robbery charged in Count One. None of these arguments has any merit.

Conner first argues that it was "unfair," under *Booker*, for the district court to enhance his sentence based on a fact — that he brandished a weapon during the first robbery — not charged in the indictment and found by the jury beyond a reasonable doubt. This argument is clearly unavailing. *See Rita v. United States*, 127 S.Ct. 2456, 2465-66 (2007) ("This Court's Sixth Amendment cases do not automatically forbid a sentencing court to take account of factual matters not determined by a jury and to increase the sentence in consequence."); *United States v. Ferguson*, 456 F.3d 660, 665 (6th Cir. 2006) ("[T]his court and others have repeatedly held since Booker that district judges can find the facts necessary to calculate the appropriate Guidelines range using the same preponderance-of-the-evidence standard that governed prior to *Booker*.").

Conner also argues that the district court's application of the brandishing enhancement

amounted to impermissible double-counting in light of his conviction on Count Three for carrying a firearm in violation of 18 U.S.C. § 924(c). But "a brandishing enhancement and § 924(c) are not cumulative punishment when assessed for separate offenses." *United States v. Griffis*, 282 F.3d 443, 447 (6th Cir. 2002). In this case, the brandishing enhancement was applied solely to Count One while the § 924(c) charge was based on the conduct charged in Count Two. Therefore, this argument is baseless.

Finally, Conner argues that the presentence report erroneously relied on Application Note 4 to USSG § 2K2.4 to justify application of the brandishing enhancement. That note provides:

> If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense. A sentence under this guideline accounts for any explosive or weapon enhancement for the underlying offense of conviction, including any such enhancement that would apply based on conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct). Do not apply any weapon enhancement in the guideline for the underlying offense, for example, if (A) a co-defendant, as part of the jointly undertaken criminal activity, possessed a firearm different from the one for which the defendant was convicted under 18 U.S.C. § 924(c); or (B) in an ongoing drug trafficking offense, the defendant possessed a firearm other than the one for which the defendant was convicted under 18 U.S.C. § 924(c). *However, if a defendant is convicted of two armed bank robberies, but is convicted under 18 U.S.C. § 924(c) in connection with only one of the robberies, a weapon enhancement would apply to the bank robbery which was not the basis for the 18 U.S.C. § 924(c) conviction.*

(Emphasis added.) The presentence report, responding to Conner's double-counting objection, relied on the italicized sentence to justify applying the brandishing enhancement in this case. Conner argues that this reliance is misplaced, because the last sentence deals with situations where the defendant is convicted of "*two* armed bank robberies," and Conner only was convicted of one armed bank robbery and one robbery of a bank by force and violence or by intimidation. But Conner

6

misunderstands § 2K2.4; that section applies in pertinent part to convictions under § 924(c), and Application Note 4 merely sets forth the rule that, if a defendant is convicted of an underlying offense (e.g., robbery) and of violating § 924(c) in relation to the same underlying offense, the sentencing court should "not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense." Conner's sentence complies with this rule because the brandishing enhancement was applied only to the robbery charged in Count One, whereas his § 924(c) conviction related only to the robbery charged in Count Two. Moreover, the italicized portion of Note 4 simply provides an example of this general rule; it does not, as Conner contends, make being convicted of *armed* robbery a prerequisite to the application of a brandishing enhancement.

**C.     Criminal History.**

Conner argues that the district court erred in calculating his criminal history category. Specifically, he argues that the district court should not have assessed two criminal history points pursuant to USSG § 4A1.1, which provides that a sentencing court should "[a]dd 2 [criminal history] points if the defendant committed the instant offense while under any criminal justice sentence . . . ." USSG § 4A1.1(d). Conner acknowledges that at the time he committed the robberies, he was in a five-year diversion program for failing to pay child support, but he contends that such a diversion program is not a "criminal justice sentence," and therefore should not have triggered the two-point increase called for by § 4A1.1(d). This is a purely legal question, which we review de novo. *Davidson*, 409 F.3d at 310; *Tocco*, 306 F.3d at 284.

Application Note 4 to § 4A1.1 provides that "a 'criminal justice sentence' means a sentence countable under USSG § 4A1.2 (Definitions and Instructions for Computing Criminal History)

7

having a custodial or supervisory component, although active supervision is not required for this item to apply." Section 4A1.2(f) then provides that "[a] diversionary disposition resulting from a finding or admission of guilt, or a plea of nolo contendere, in a judicial proceeding is counted as a sentence under § 4A1.1(c) even if a conviction is not formally entered . . . ." USSG § 4A1.2(f). Conner's diversionary disposition resulted from a guilty plea he entered for flagrant non-support. Thus, under § 4A1.2(f), Conner's diversion program is a "sentence" for the purpose of § 4A1.1(c). That the Guidelines section at issue in this case is § 4A1.1(d), not § 4A1.1(c), does not inure to Conner's benefit. Application Note 4 to § 4A1.1 specifically provides that a "criminal justice sentence" for purposes of §4A1.1(d) includes any "sentence countable under § 4A1.2 . . . having a custodial or supervisory component." Conner's diversionary program is a sentence countable under § 4A1.2(f), and Conner himself describes that program as requiring "periodic reviews of child support to determine if the obligor is paying as ordered without having to commence a new case by complaint or indictment." We are convinced that such a program involves a "supervisory component," and is therefore properly considered a "criminal justice sentence" for the purposes of § 4A1.1(d).

Conner also presents a cursory argument that the district court should have exercised discretion and chosen not to apply § 4A1.1(d), because in light of Conner's back injury and degenerative disk disease that left him disabled for a significant period of time, it was "understandable" that he was not able to remain current with his child support payments. We construe this as an argument that the district court should have granted Conner a downward departure on account of his physical ailments. But Conner has not provided us with any indication that he specifically asked for a downward departure; nor has he provided a transcript of the

sentencing hearing. We will not review a district court's failure to grant a downward departure unless the record reflects that the court was unaware of or did not understand its discretionary authority to make such a departure. *United States v. Puckett*, 422 F.3d 340, 345 (6th Cir. 2005). Here we have no record to review.

**CONCLUSION**

For the foregoing reasons, we **AFFIRM**.