**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0305n.06
Filed: April 27, 2009

**No. 08-3127**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **ON APPEAL** FROM THE |
| **Plaintiff-Appellee.** | ) | UNITED STATES DISTRICT |
| | ) | C O U R T   F O R   T H E |
| v. | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| JOVAN SHEREE CARTER | ) | |
| | ) | **O P I N I O N** |
| **Defendant-Appellant.** | ) | |

**BEFORE: NORRIS, COOK, and GRIFFIN, Circuit Judges.**

**PER CURIAM.** Jovan Carter pleaded guilty to possession with intent to distribute cocaine base and being a felon in possession of a firearm, and the district court sentenced him in accordance with a mandatory minimum sentence that was enhanced based on a prior drug conviction. Carter argues on appeal that the government failed to comply with the statutory requirements that must be met before the enhanced mandatory minimum may apply. For the following reasons we conclude that the district court did not plainly err in sentencing Carter according to the enhanced mandatory minimum.

**I.**

Carter was indicted on four counts and ultimately pleaded guilty to two of them: possession with intent to distribute cocaine base, 21 U.S.C. § 841(a)(1), and being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). After the plea hearing but before sentencing, Carter absconded.

Fourteen months later the police captured him, and he was sentenced on January 16, 2008. At the sentencing hearing, the district court determined that the applicable advisory guideline range was between 210 and 262 months, based on a total offense level of 34 and a criminal history category of IV. A violation of § 841(a)(1) carries a mandatory minimum of 120 months, unless the offender has a prior drug conviction, in which case the mandatory minimum doubles to 240 months. 21 U.S.C. § 841(b)(1)(A). The presentence report listed a 1999 conviction in Ohio state court for possession of cocaine, and therefore Carter's drug charge carried a "mandatory minimum sentence of 240 months, which would be the advisory guideline sentence in this matter." The court agreed that the 240 month mandatory minimum applied, and Carter did not object. The court sentenced him to 240 months on both counts, to run concurrently, followed by ten years of supervised release. Carter now appeals his sentence.

## II.

The basis for this appeal is the fact that the enhanced 240 month mandatory minimum sentence does not automatically apply to a defendant just because he has a prior drug conviction; the government must first put the defendant on notice that it plans to seek such an enhancement:

> No person who stands convicted of an offense under [21 U.S.C. § 841] shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

21 U.S.C. § 851(a)(1). "The requirements delineated in § 851 are mandatory, and a district court cannot enhance a defendant's sentence based on a prior conviction unless the government satisfies the requirements." *United States v. Odeneal*, 517 F.3d 406, 415 (6th Cir. 2008). Carter argues that

the government failed to file the requisite § 851 information, and so the enhanced 240-month mandatory minimum should not apply to him.

The sufficiency of an § 851 information is a question of law that we ordinarily review *de novo*, *Odeneal* at 415, but because Carter failed to object, we review his sentence for plain error. *United States v. Gonzalez*, 512 F.3d 285, 288 (6th Cir. 2008). "A forfeited 'plain error' may be corrected by the appellate court only if it 'affects substantial rights' and 'seriously affects the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (citations omitted).

Although the requirements of § 851 are mandatory, "it is also well-settled precedent in this Circuit and its sister circuits that section 851 'was designed to satisfy the requirements of due process and provide the defendant with reasonable notice and an opportunity to be heard regarding the possibility of an enhanced sentence for recidivism.'" *United States v. Pritchett*, 496 F.3d 537, 548 (6th Cir. 2007) (citing *United States v. King*, 127 F.3d 483, 489 (6th Cir. 1997)). Our § 851 analyses uniformly strive to "avoid elevating form over substance," *King*, 127 F.3d at 489, so the resolution of this claim turns on the practical consideration of whether Carter was provided with adequate notice that the government intended to rely on his prior drug conviction to enhance his sentence, and an opportunity to be heard regarding the same. In our view, he was.

The government concedes that it did not file a separate information, but argues that it effectively satisfied § 851's notice requirements through various portions of the plea agreement and plea hearing. Paragraph 2(A) of the plea agreement provides:

> For the reason that Mr. Carter has a final, felony drug conviction in his history, the maximum statutory penalties to which Mr. Carter will be exposed by

virtue of his plea of guilty to Count Five is imprisonment for twenty years to life . . . and at least ten years supervised release [21 U.S.C. § 841(b)(1)(C)].

(alteration in original). Paragraph 7 again references the enhanced penalty:

> 7. **§ 851 Information**
> A. The United States alleges that Mr. Carter was convicted of Possession of cocaine, a third degree felony under Ohio Revised Code 2925(11) in the Court of Common Pleas for Summit County, Ohio. The defendant was represented by counsel and plead [sic] guilty to this offense on February 2, 1999, in case number CR 1998 11 2972. He was sentenced in an order of the Court of Common Pleas on March 2, 1999.
> B. The defendant agrees that he was convicted as alleged in paragraph 7.A. above.

Furthermore, during the plea hearing the district court reviewed the plea agreement in detail with Carter, confirming that he understood "that the maximum possible statutory penalty for [the § 841(a)(1) drug charge] is imprisonment of 20 years to life." The court also brought to Carter's attention paragraphs 7(A) & (B) of the plea agreement, reprinted above, and Carter acknowledged that he had, in fact, been convicted of the crime discussed therein.

In light of (1) the repeated emphasis in the plea agreement and plea hearing on a sentence of twenty years to life; (2) the statement in paragraph 2(A) of the plea agreement that he was receiving this twenty year sentence "[f]or the reason that" he had a prior drug conviction, (3) the paragraph in the plea agreement entitled "§ 851 Information," (4) the unequivocal reference in that same paragraph to Carter's prior drug conviction, and (5) Carter's opportunity to dispute that conviction during the plea hearing, we hold that it was not plain error for the district court to determine that the requirements of § 851 were satisfied, and sentence Carter accordingly.

**III.**

The judgment is **affirmed.**